## 23669. HOWARD v. THE STATE.

CANDLER, Presiding Justice. An Act approved March 10, 1959 (Ga. L. 1959, pp. 143, 144; *Code Ann.* § 5-9914) declares: "Any person, either on his own account or for others, who shall buy . . . corn . . . or other [agricultural] products or chattels, and shall fail or refuse to pay therefor or shall make way with or dispose of the same before he shall have paid therefor unless credit shall be expressly extended therefor, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than five years."

John W. Howard was indicted in Sumter County for committing the first offense created by this Act. The indictment alleges that he did on November 3, 1965, buy corn having a value of $2,220.75 from Gene Keever, a farmer, on cash sale and did fail and refuse to pay him the purchase price therefor. The defendant demurred and moved to quash the indictment on the ground that the Act of 1959 is void because (1) it offends Art. I, Sec. I, Par. III of Georgia's Constitution (*Code Ann.* § 2-103) which provides that, "No person shall be deprived of life, liberty, or property, except by due process of law"; (2) it violates Art. I, Sec. I, Par. XXI of Georgia's Constitution (*Code Ann.* § 2-121) which provides, "There shall be no imprisonment for debt"; and (c) it is contrary to the provisions of *Code* § 26-201 which declares: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." His demurrers and motion to quash the indictment were over-ruled on each and every ground thereof and the appeal is from that judgment. *Held:*

Where, as here, the constitutionality of a legislative Act as a whole is questioned, it is well settled by numerous decisions of this court that such an omnibus attack will necessarily fail unless the Act is invalid in every part for some reason alleged. For some of the many cases so holding, see *Miller v. Head,* 186 Ga. 694 (198 SE 680); *Stegall v. Southwest Ga. Regional Housing Authority,* 197 Ga. 571, 582 (30 SE2d 196); *Dade County v. State of Ga.,* 201 Ga. 241, 245 (2b) (39 SE2d 473); *Krasner v. Rutledge,* 204 Ga. 380 (49 SE2d 864); *Williams v. Ragsdale,* 205 Ga. 274, 277 (2) (53 SE2d 339); and *Franklin v. Harper,* 205 Ga. 779 (55 SE2d 221).

In *Coffee v. State*, 219 Ga. 328 (133 SE2d 590), and *Garmon v. State*, 219 Ga. 575 (134 SE2d 796), where it was contended that the Act of 1959 is invalid because it violates the same constitutional provisions as those here enumerated, we held that the Act was not unconstitutional as a whole for any of the attacks thus made upon it.

The 1959 Act is also attacked as a whole in this case on the ground that it is contrary to the provisions of *Code* § 26-201 which we have quoted in full above since the Act does not provide that the acts prohibited thereby must be committed with an intention to defraud. There is clearly no merit in this contention. The word "intention" as used in *Code* § 26-201 does not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby.

*Judgment affirmed. All the Justices concur.*

Argued September 13, 1966—Decided September 22, 1966.

*Wells & Adams, Charles R. Adams, Jr., Stephen Pace, Jr.*, for appellant.

*J. Frank Myers, Solicitor General*, for appellee.