## 53248. FORD v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of theft by taking.

1. The trial judge admitted in evidence, over the defendant's objections of irrelevancy and prejudice,

testimony of state's witnesses as to the behavior of the defendant and his three co-defendants occurring prior to and on the same day as the theft with which the defendants were charged. Their pattern of behavior, as shown by the testimony objected to, was for the four to enter a store (five stores, according to the testimony), disperse throughout the store, and have three of the defendants engage the salespersons in conversations and ask for and/or buy items which were away from the cash register, while a fourth stayed in the vicinity of, and kept an eye on, the cash register. The testimony revealed that the defendants' words, actions and appearance produced suspicion and fear in the witnesses.

This evidence, though placing the appellant's character in issue, was admissible to show intent, motive, plan, scheme and bent of mind. *Rini v. State,* 236 Ga. 715 (2) (225 SE2d 234) (1976) and cits. The evidence showed a similar pattern of behavior by the defendants in the store which they were charged with having burglarized, with the additional fact that the money drawer was discovered to be empty immediately after the defendants had fled the scene.

2. There was no fatal variance between the allegation in the indictment that $196 was taken, and the proof. There was evidence that the cash drawer contained $196 prior to the defendants' appearance at the victimized place of business, that it was missing from the open drawer immediately after they fled therefrom, and that they had $407.56 among them when apprehended in their flight. Any discrepancy between the denominations of bills taken and bills found on the persons of the defendants could be explained by evidence that the defendants had an opportunity while not under surveillance to dispose of some of the stolen bills. The allegations and proof in the present case correspond under the present trend of the case law away from the overly-technical application of the fatal variance rule, as expressed in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969). See *Ingram v. State,* 137 Ga. App. 412, 415 (3, b) (224 SE2d 527) (1976) and cits.

3. The remaining enumerated errors, pertaining to the proof of the corpus delicti and the sufficiency of the

evidence to support the verdict, were decided adversely to the appellant in the appeal of two of his co-defendants. See *Merry v. State,* 140 Ga. App. 353 (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 11, 1977 — DECIDED JANUARY 28, 1977.

*E. Earl Seals,* for appellant.
*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.