## 53813. ANDERSON v. THE STATE.

MARSHALL, Judge.

The defendant's appeal from her conviction of solicitation of sodomy (Code Ann. § 26-2003; Ga. L. 1968, pp. 1249, 1299) raises the issues of whether the trial judge erred in denying defense counsel's motion, at the conclusion of the evidence, for a dismissal of the charges against her and for a verdict of not guilty, and whether the judge erred in considering, during the presentence hearing, his own memorandum of the defendant's previous sentence for another offense which was committed after the commission of the offense in the case sub judice. *Held:*

1. The accusation charged that the defendant "did willfully and knowingly solicite [sic] another to perform or submit to an act of sodomy upon one Officer W. Reyonlds [sic], to wit: By offering to have sexual relations, and preform [sic] oral sex with Officer W. Reyonlds [sic] for the amount of $25."

Columbus police officer Reynolds testified that, as he was seated in his personal automobile, the defendant approached him, engaged him in conversation, asked if he was affiliated with the Columbus Police Department, and asked if he had any money and would like to "have a good time." When he told her he had about $25, she said she would give him a "blow job" for that amount. She refused to give him her name, merely telling him how to get to her apartment.

The appellant argues that the term "blow job" is too vague and lacking in definition to support the conviction of soliciting for sodomy. In addition to this term, however, the jury was authorized to consider the evidence that the defendant herself initiated the contact, refused to divulge her identity, indicated her intention to commit an unlawful act by first attempting to ascertain whether the witness was a law enforcement officer, and offered her services for the amount of money she had discovered the officer had on his person.

"The allegations and proof in the present case correspond under the present trend of the case law away from the overly-technical application of the fatal variance

rule, as expressed in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969). See *Ingram v. State,* 137 Ga. App. 412, 415 (3b) (224 SE2d 527) (1976) and cits." *Ford v. State,* 141 Ga. App. 149 (2) (232 SE2d 642) (1977). "After verdict the evidence is construed in its light most favorable to the prevailing party, and every presumption and inference is in favor of the verdict. *Boatright v. Rich's,* 121 Ga. App. 121 (173 SE2d 232) [1970]." *Mathis-Akins Concrete Block Co. v. Tucker,* 127 Ga. App. 699 (1) (194 SE2d 604) (1972). This is true even if the evidence is somewhat vague (*L. & N. R. Co. v. Chastain,* 25 Ga. App. 275 (103 SE 39) (1920)) or weak (*Barrett v. State,* 129 Ga. App. 72 (199 SE2d 116) (1973) and cits.), and is based on the fact that "[i]n the trial of a criminal case the jurors are the only and final arbiters of the facts, and when a case reaches this court, where no error of law has been committed on the trial and the trial judge has approved the verdict, and it is supported by any evidence, however slight, this court is powerless to interfere." *Colfield v. State,* 41 Ga. App. 375 (153 SE 92) (1930).

Furthermore, even if the term "blow job" is considered the essential element of proof, and even if the other evidence is not considered, we think that jurors, who are presumedly intelligent (*Guy v. State,* 138 Ga. App. 11 (5) (225 SE2d 492) (1976)), also can be presumed to have some knowledge of slang expressions in common parlance in the vernacular. It would be completely unrealistic to require that witnesses, many of whom are unlearned or have limited vocabularies, describe the acts constituting the commission of crimes in statutory or technical language in order to prove the commission of such acts. Moreover, the jury was properly charged as to reasonable doubt.

The evidence authorized the verdict and judgment.

2. After defense counsel objected to the trial judge's referring to his own memorandum of his sentence of the defendant in another case (for prostitution), he stated, "All right, we will disregard the fact that she has been sentenced for an offense which took place after this actual offense." Therefore, the mention of the prior, allegedly defective conviction, was not harmful to the defendant, since the judge, as the sentencer, discounted its effect in

fixing the sentence. *Knight v. State,* 133 Ga. App. 808 (2) (212 SE2d 464) (1975). See also *Workman v. State,* 137 Ga. App. 746 (7) (224 SE2d 757) (1976) and cits.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 4, 1977 — DECIDED MAY 12, 1977.

*Elkins & Flournoy, James A. Elkins, Jr., Paul R. Gemmette,* for appellant.

*T. W. Hughey, Solicitor, Robert G. Johnson, III, Assistant Solicitor,* for appellee.