## 55949. GATES v. THE STATE.

SHULMAN, Judge.

This appeal follows appellant's conviction for the offense of rape.

1. Appellant's enumeration on the general grounds is without merit.

The evidence disclosed that appellant telephoned the victim and requested that she meet him during the night at a hotel where he was registered. This testimony was corroborated by the testimony of the night hotel clerk who remembered appellant's checking out of the hotel room where the rape occurred in the early morning following the rape, the testimony of the physician who examined the victim on the morning following the rape, the testimony of the victim's daughter, the testimony of an investigating officer, and the condition of the hotel room. There was sufficient evidence to authorize the conviction. *Burnett v. State,* 236 Ga. 597 (225 SE2d 28).

2. At trial, a state's witness testified that on one occasion she had a conversation with appellant, who refused to disclose his whereabouts because he had jumped bond. Appellant submits that the court erred in denying his motion for mistrial.

The record shows that the testimony was unresponsive and followed by full and complete curative instructions. There was no error here. *Lee v. State,* 239 Ga. 769 (5) (238 SE2d 852).

3. During closing argument, the state made the following statement: "So you should decide the case on the evidence presented to you, not that which was not

presented. That is the law. You are bound to return a verdict according to the evidence presented, not what you have not heard."

It is submitted that this statement constituted an impermissible comment on appellant's failure to testify and requires reversal. We disagree.

"This was legitimate argument and clearly cannot be categorized as commenting on the defendant's failure to testify." *Barnes v. State,* 136 Ga. App. 626 (4) (222 SE2d 143). See also *Bryant v. State,* 146 Ga. App. 43 (1) (245 SE2d 333).

4. Appellant contends that the trial court erred in charging the jury on the issue of consent because "appellant did not urge consent."

This enumeration is controlled by *Johns v. State,* 239 Ga. 681 (5) (238 SE2d 372). See also *Cooper v. State,* 2 Ga. App. 730 (1) (59 SE 20). Moreover, the charge as given could only have benefited the defendant and does not afford grounds for reversal. See *Carter v. State,* 122 Ga. App. 21 (1) (176 SE2d 238).

5. Appellant argues that the introduction of evidence of prior offenses, without certification or prior notification, during the sentencing phase of the trial constituted reversible error.

The trial court affirmatively stated that this evidence would not be considered in passing sentence. Accordingly, this enumeration is without merit. *Anderson v. State,* 142 Ga. App. 282 (2) (235 SE2d 675).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

Submitted May 22, 1978 — Decided September 7, 1978.

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Jack Mallard, Assistant District Attorneys,* for appellee.