61476. THOMAS v. THE STATE.
61556. RIGGINS v. THE STATE.

POPE, Judge.

Richard Thomas and Ronald Eric Riggins were convicted of armed robbery, kidnapping, rape and aggravated sodomy. On appeal both appellants enumerate as error the trial court's refusal to permit cross examination of the prosecutrix relating to her failure to attend certain preliminary hearings. Additionally, appellant Riggins enumerates as error several other evidentiary rulings by the trial court and a portion of the state's closing argument to the jury.

1. The trial court refused to permit counsel for appellants to cross examine the prosecutrix as to her failure to appear at the preliminary hearings of this case on two to four different occasions even though she had been subpoenaed. The trial court determined that the testimony sought by appellants was irrelevant to the trial of this case. Appellants assert that the prosecutrix' failure to appear at the preliminary hearings reflected upon her veracity and therefore was relevant.

Appellants contend that the excluded testimony tended to support their defense theory, viz., that the prosecutrix had made up the story of her abduction and rape in order to explain to her live-in boyfriend the cause of her absence and sexual activity on the night in question. "The motives which lie at the foundation of a criminal prosecution may always be inquired into for the purpose of illustrating the bona fides of the prosecution. Sayings of the prosecutor which, if true, indicate that the prosecution is instituted

in bad faith, and which also affect the credibility of his testimony, are admissible in evidence." *McCullough v. State,* 11 Ga. App. 612 (4) (76 SE 393) (1912); *Freeman v. State,* 154 Ga. App. 254 (267 SE2d 860) (1980); *Billings v. State,* 8 Ga. App. 672 (2) (70 SE 36) (1910). Indeed, it has been held proper for a defendant to show that the proceedings against him were instituted in order to create a situation which would in some way prevent a threatened separation between the prosecutrix and her husband. *Ricks v. State,* 70 Ga. App. 395, 406 (28 SE2d 303) (1943). Nevertheless, we are not persuaded that evidence as to the prosecutrix' failure to appear at the preliminary hearings was of any probative value in determining appellants' guilt or innocence in this case.

This case did not present a situation in which the person prosecuting the action was absent *at trial.* See, e. g., *Head v. State,* 69 Ga. App. 843 (3) (26 SE2d 842) (1943). Rather, appellants sought to discredit the prosecutrix' testimony by showing her failure to appear at the *preliminary* hearings, thereby creating the inference that she was not actively pursuing the prosecution of this matter because her story was not true. Since the prosecutrix' presence or absence at a preliminary hearing does not in any reasonable degree tend to establish the probability (or lack thereof) of the issue in controversy, the trial court properly excluded this evidence as irrelevant. See, e.g., *Allgood v. State,* 87 Ga. 668 (3) (13 SE 569) (1891); *Williams v. State,* 126 Ga. App. 302 (1) (190 SE2d 807) (1972). In any event, such exclusion did not unduly restrict appellants' right of cross examination since the record discloses that the prosecutrix was cross examined at length and that she denied the material allegations of their defense.

2. Riggins' Enumerations No. 2, 3 and 4 present "a number of questions of minor importance, predicated upon rulings of the court in rejecting evidence, etc. It would be tedious and unprofitable to set forth and discuss these questions in detail. They involve nothing of serious consequence or which, in any probability, affected the result of the trial; and moreover, after a careful examination and consideration of them, we do not find that any material error was committed. The truth is, the case turned almost entirely upon the credibility of the woman who swore that the accused had committed the crime[s] [charged] upon her. If she was worthy of belief, the conviction was right; if otherwise, it was wrong. The fate of the accused, therefore, depended mainly, if not entirely upon the view entertained by the jury as to the credit which should be given to this witness. The small points to which we have above alluded could have had little or nothing to do with the solution by the jury of the great and controlling issue[s] they were called upon to decide; and in

dealing with them, we have reached the conclusion that they are of little consequence in enabling us to determine whether the judgment below should be affirmed or reversed." *Duncan v. State,* 97 Ga. 180, 183 (25 SE 182) (1895); see *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

3. During his closing argument to the jury the district attorney read the following language from *Pierce v. State,* 230 Ga. 766, 769 (199 SE2d 235) (1973): " 'While rape is the carnal knowledge of a female forcibly and against her will . . . and consent however reluctant is fatal to a conviction for rape . . . yet consent induced by force or fear and intimidation does not amount to consent in law and does not prevent the intercourse from constituting rape.' " Appellants objected on the ground that consent was not at issue and had no application to the facts of this case.

"This enumeration is controlled by *Johns v. State,* 239 Ga. 681 (5) (238 SE2d 372)[(1977)]. See also *Cooper v. State,* 2 Ga. App. 730 (1) (59 SE 20) [(1907)]. Moreover, [this argument] could only have benefited [Riggins] and does not afford grounds for reversal." *Gates v. State,* 147 Ga. App. 126, 127 (248 SE2d 194) (1978); see *Curtis v. State,* 236 Ga. 362 (1) (223 SE2d 721) (1976). Therefore, Riggins' fifth enumeration is not meritorious.

4. "The fact that a trial judge, in sentencing a prisoner, expresses his belief in the defendant's guilt, or his opinion that the verdict of guilty was deserved, does not authorize the inference that the accused did not have a fair and impartial trial. An expression on the part of the judge upon the merits of the case, after verdict and when imposing sentence, is not subject-matter of review in the pending case, though such remarks might be improper as injuriously affecting the result in some other and different case." *Gray v. State,* 6 Ga. App. 428 (5) (65 SE 191) (1909). Accordingly, Riggins' final enumeration is without merit.

*Judgments affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED
JULY 13, 1981 IN CASE NO. 61556.

*John S. Carpenter, David D. Blum,* for appellant (case no. 61476).

*Donald J. Stein,* for appellant (case no. 61556).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Tom Thrash, Benjamin H. Oehlert III, Assistant District Attorneys,*

for appellee.