## 66331. SCHWERDTFEGER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for criminal attempt to commit theft by taking. Although seven enumerations of error are listed, in fact they present but two issues: 1) whether the evidence was sufficient to sustain the verdict; 2) whether the trial judge's instructions to the jury involving the issues of theft by taking and attempted theft by taking were prejudicial in that such instructions amounted to expressions or intimations of opinion by the judge as to matters proved. See OCGA § 17-8-55 (Code Ann. § 81-1104). *Held:*

1. The defendant's argument as to the insufficiency of the

evidence basically is predicated on what he alleges is a failure by the State to establish the essential element of intent.

As held in *Howard v. State,* 222 Ga. 525, 526 (150 SE2d 834), "The word 'intention' as used in Code § 26-201 [now OCGA § 16-2-1] does not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby." Accord, *Williams v. State,* 158 Ga. App. 384, 386 (280 SE2d 365). Expressed another way, intent refers to the proposition that one intends the consequences of his voluntary actions. Holloway v. McElroy, 632 F2d 605, 618.

Intention may be manifest by the circumstances connected with the perpetration of the offense. *Patterson v. State,* 1 Ga. App. 782, 784 (58 SE 284). OCGA § 16-2-6 (Code Ann. § 26-605) provides: "A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

We held in *Mallette v. State,* 119 Ga. App. 24, 27 (165 SE2d 870): ". . . the intent with which an act is done is peculiarly a question of fact for determination by the jury and although a finding that the accused had the intent to commit the crime charged may be supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground."

In the case sub judice two witnesses saw the mower/tractor which was the subject of the theft being driven, with no lights showing, away from the lot of the dealership which owned it. These same two witnesses testified they later located the purloined vehicle on a secluded street and that the defendant who was driving a four wheel drive vehicle with a trailer attached was parked adjacent thereto; that after the defendant inquired of them whether they had a jack he drove off leaving the mower/tractor behind.

The defendant in his testimony before the jury admitted driving the mower/tractor out of the dealer's lot but explained he took the vehicle since his own four wheel drive vehicle's gears were malfunctioning and he required the mower/tractor in order to start his vehicle.

From the trial record, the jury was authorized to disregard the defendant's detailed but somewhat convoluted explanation of why he took the tractor and to find the requisite intent to deprive the owner of the property in question.

A rational jury could have found from the evidence adduced proof of the defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Although the defendant was not indicted for a criminal attempt to commit theft by taking, our code provides that one may be

convicted of a criminal attempt even though not specifically charged in the indictment. OCGA § 16-4-3 (Code Ann. § 26-1005). Moreover, a person may be convicted of an attempt although the crime was actually committed. OCGA § 16-4-2 (Code Ann. § 26-1004).

We note that the trial judge's charge was adjusted to the evidence and that counsel for the defendant waived any objections to the main charge by expressly disclaiming any objection thereto. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694); *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855).

We also observe that the main charge was replete with references to the principle of reasonable doubt which concept was thoroughly covered. We therefore find no error where, in response to further inquiry by the jury as to that subject, the trial judge reiterated his charge on attempted theft and theft without recharging on reasonable doubt.

Furthermore, his statement to the jury, "[a] lot of times when you sleep on it, things have a way of coming together" did not constitute an impermissible comment as to what had been proved or as to how the jury should find. But, in any case, his subsequent curative statement to the jury was more than sufficient, especially since it thoroughly explained the trial judge's role as an impartial jurist and reemphasized the concept of reasonable doubt.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 16, 1983.

*C. Andrew Fuller,* for appellant.
*Bruce L. Udolf, District Attorney, Donald T. Hunt, Assistant District Attorney,* for appellee.