### 40809. PRICE v. THE STATE.
(319 SE2d 849)

CLARKE, Justice.

Price and several others were arrested and charged with shooting over baited land in violation of OCGA § 27-3-9 (b). Demurrers to the indictments were filed alleging the statute in question was unconstitutional. The trial court overruled the demurrers holding the law to be constitutional. We granted an application for interlocutory appeal and now affirm.

1. Price contends that the language of the statute itself violates due process because of its vagueness and failure to give fair notice as to the proscribed activity. OCGA § 27-3-9 provides: "(a) It shall be unlawful for any person to place, expose, deposit, distribute, or scatter any corn, wheat, or other grains, salts, apples, or other feeds or bait so as to constitute a lure or attraction or enticement for any

game bird or game animal on or over any area where hunters are or will be hunting.

"(b) Except as otherwise provided by law or regulation, it shall be unlawful for any person to hunt any game bird or game animal upon, over, around, or near any place where any such feed or bait has been placed, exposed, deposited, distributed, or scattered so as to constitute a lure, attraction, or enticement to such birds or animals. It shall also be unlawful to hunt any game animal or game bird upon, over, around, or near any such place for a period of ten days following the complete removal of all such feed or bait."

Price was charged with violating subsection (b); the indictment alleges that he did "unlawfully hunt doves upon, over, around and near a field where feed and baiting material was exposed, deposited, and scattered so as to constitute a lure and enticement to such doves." He contends that the statute which forbids hunting "upon, over, around or near any place where such feed or bait has been placed, exposed, deposited, distributed or scattered" is void for vagueness in "that it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' . . . and because it encourages arbitrary and erratic arrests and convictions." Papachristou v. City of Jacksonville, 405 U. S. 156, 162 (92 SC 839, 31 LE2d 110) (1972).

Due process mandates that criminal laws give adequate warning of what conduct will constitute a crime. "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." Connally v. General Constr. Co., 269 U. S. 385, 391 (46 SC 126, 70 LE 322) (1926); see also Bullock v. City of Dallas, 248 Ga. 164 (281 SE2d 613) (1981).

Papachristou and Bullock dealt with vagrancy ordinances which classified broad and nonspecific conduct as criminal resulting in arbitrary prosecution. In this case we are concerned with a classification of persons, hunters, who are prohibited from hunting in a particular manner.

We have held that a criminal statute is not void for vagueness " 'if its terms furnish a test based on knowable criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command.' " Stull v. State, 230 Ga. 99, 100 (196 SE2d 7) (1973). As stated by the United States Supreme Court, "All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." Rose v. Locke, 423 U. S. 48, 50 (96 SC 243, 46 LE2d 185) (1975).

Subsection (a) of the statute is aimed at the person who actually

engages in the act of baiting the land by placing any type feed to lure game birds for hunting. Subsection (b), under which appellant is charged, focuses on the hunter who takes advantage of the baited area. The section is part of the state's overall regulatory and licensing system relating to fish and game found in OCGA Title 27.

When section 9 is read as a whole we find the language gives sufficient notice of the acts so as to comply with the requirements of due process. The language of subsection (b) "any such feed or bait" refers to feed or bait placed "so as to constitute a lure" for hunting as defined in subsection (a). We do not agree with appellant's argument that the statute appears to prohibit the planting and harvesting of farm crops. Nor do we find that the terms "around or near" in subsection (b) render the statute void. The prohibition is that hunters shall not place themselves in an area in order to take advantage of bait that has been set out in violation of subsection (a).

2. In conjunction with and related to his vagueness argument appellant complains that the statute does not require that the hunter knows he is hunting on or near baited land and thus becomes an arbitrarily enforceable trap for the innocent.

Even though a statute defining a crime does not by its terms require intent, OCGA § 16-2-1 states "A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." The "intention" referred to "does not mean an intention to violate a penal statute but an *intention to commit the act prohibited* thereby." (Emphasis supplied.) *Howard v. State*, 222 Ga. 525 (150 SE2d 834) (1966). Therefore, there must be an intent to hunt on baited lands (or around them so as to take advantage of the bait) which necessarily requires that the hunter has knowledge of the bait.

We hold that the statute is not unconstitutional on any of the grounds alleged as it gives hunters of ordinary intelligence fair notice of what conduct is unlawful.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs specially.*

DECIDED SEPTEMBER 6, 1984.

*Murphy, Witcher & Murphy, Stephen E. Garner,* for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.

SMITH, Justice, concurring specially.

I concur in the judgment but would do so on the basis of criminal strict liability.

This case involves a regulatory statute, preventive rather than punitive in nature. The penalty imposed upon conviction is not great. Damage to the reputation upon conviction under the statute is not grave. The proscribed conduct "[results] in no direct or immediate injury to person or property," but creates potential for the harm that the statute means to prevent. Morissette v. United States, 342 U. S. 246, 256 (77 SC 240, 96 LE 288) (1951).

The United States Supreme Court has determined that the states might, in enacting this type of statute to prevent this type of conduct, eliminate intent and knowledge as elements of the crime. See United States v. Balint, 258 U. S. 250 (42 SC 301, 66 LE 604) (1922); United States v. Behrman, 258 U. S. 280 (42 SC 303, 66 LE 619) (1922); Sayre, *Public Welfare Offenses*, 33 Colum.L.Rev. 55 (1933). Game and fish regulations may often be particularly well-suited for use of "public welfare offense" statutes. Here, where the purpose of the statute is to preserve a natural resource, the possible punishment is light, and a conviction will not affect reputation, the statute should be seen as a "public welfare offense," and the court should not read a knowledge or intent requirement into the statute. See OCGA § 27-1-34.