### 71802. GREEN v. THE STATE.
(342 SE2d 386)

POPE, Judge.

Kenneth Avon Green appeals from his conviction of aggravated assault with a gun, a deadly weapon. The evidence presented at trial showed that at approximately midnight on May 24, 1985, three brothers, Darrell, Leon and Stanley Horne, dropped in on a dice game going on in a back room at the Bomber City Elks Club in Marietta. Darrell and Leon placed a couple of winning five dollar bets and then left after about five minutes, apparently annoying appellant who made some loud remarks to them and followed them out of the club with a gun in his hand. When Stanley joined his brothers outside, appellant walked up to him and said, "Give me my money." Upon Stanley's refusal appellant began hitting him with the pistol, which discharged, striking Stanley in the forehead. As Stanley ran away, appellant fired at him four more times, but missed.

1. We do not agree with appellant that the trial court erred in granting the State a four-hour continuance to produce its witnesses after announcing ready and giving its opening argument because no showing of due diligence was made. On the contrary, the assistant district attorney informed the trial court that the State's witnesses, the three Horne brothers, had missed their scheduled flight to Atlanta, and he would need the additional time until they arrived on a later flight and could be brought to court. All applications for continuance are addressed to the sound legal discretion of the trial court, OCGA § 17-8-22, and questions of this nature must of necessity be entrusted to its broad discretion. In the absence of any showing of harm to appellant by this delay, we find no abuse of discretion which would compel reversal. See *Geckles v. State*, 177 Ga. App. 70 (2) (338 SE2d 473) (1985).

2. The trial court allowed testimony of one Joe D. Stukes that on October 15, 1983, at approximately midnight, he attended a party at

someone's house where appellant and several other persons were playing dice. After Stukes participated and won a small amount of money, appellant began arguing that the money was not Stukes', so he left. Appellant chased after Stukes and demanded that Stukes give appellant "his" money or he would blow Stukes' brains out. Stukes complied and appellant left. At trial Stukes identified appellant as his assailant.

Appellant argues that evidence of other criminal acts may not be admitted unless it is substantially relevant for some purpose other than to show a probability that the accused committed the crime on trial because he is a man of criminal character, and that this act of gambling committed six months previously did not justify its use to show a pattern of conduct. See *Walraven v. State*, 250 Ga. 401 (4b) (297 SE2d 278) (1982). We find no merit in this contention.

Evidence of an independent crime is admissible if it is shown, as was done here, that the accused was the perpetrator of the independent crime and that there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to establish the latter. *Walker v. State*, 176 Ga. App. 783 (338 SE2d 36) (1985). It is not essential for admissibility that the similar crime resulted in a conviction. See, e.g., *Sport v. State*, 253 Ga. 689 (1) (324 SE2d 184) (1985); *Scott v. State*, 172 Ga. App. 725 (1) (324 SE2d 565) (1984); *Mathis v. State*, 172 Ga. App. 314 (1) (323 SE2d 227) (1984). The evidence objected to was proffered to demonstrate appellant's propensity to threaten and assault other participants in dice games over relatively small amounts of money, and was sufficiently similar to be admissible for this purpose. *Sport*, supra.

3. During the course of his testimony Stukes related that when he picked up the money he had won in the dice game, "one of the guys in the house said that [appellant] said he was going to shoot me or he was going to kill me." Defense counsel objected on hearsay grounds and moved for a mistrial. The court denied a mistrial, instructed the jury to disregard the testimony of what the other person told the witness and not to consider it in its verdict, then instructed Stukes to "testify to what you saw and not what someone else told you, unless it was Mr. Green." Appellant did not renew his motion for mistrial. "Since [appellant] did not renew his motion after the curative instructions, he cannot complain on appeal. [Cits.]" *Jackson v. State*, 248 Ga. 480, 483 (284 SE2d 267) (1981); *Brown v. State*, 175 Ga. App. 246 (2) (333 SE2d 124) (1985).

4. At the presentence hearing the prosecuting attorney remarked that he had known appellant "since his Juvenile Court days. Of course, he is 28 years old now, even though he looks younger than that." Appellant contends that this constituted an opinion of the district attorney and was considered by the trial court as an aggravating

circumstance in sentencing without notice to appellant prior to trial in violation of OCGA § 17-10-2 (a). However, the transcript reveals that the trial court affirmatively stated that it considered only two prior convictions, which the State had properly made known to appellant prior to trial would be used in aggravation of sentence. "Therefore, the mention of the [juvenile court] was not harmful to [appellant], since the judge, as the sentencer, discounted its effect in fixing the sentence. [Cits.]" *Anderson v. State*, 142 Ga. App. 282, 283 (235 SE2d 675) (1977). Accord *Gates v. State*, 147 Ga. App. 126 (5) (248 SE2d 194) (1978). We find no ground for reversal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 10, 1986.

*Eddie C. Varnadore,* for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Nancy I. Jordan, Assistant District Attorneys,* for appellee.