## 71728. MILLER v. THE STATE.
(345 SE2d 647)

BEASLEY, Judge.

The defendant was indicted for cruelty to a child (OCGA § 16-7-70), of which he was convicted, and child molestation (OCGA § 16-6-4), which was nolle prossed.

1. Defendant contends the court erroneously permitted evidence of a similar incident of child cruelty in which he was involved. It is argued that such proof constituted evidence of general bad character which was inadmissible under OCGA § 24-9-20 (b) since he had not then put his character in issue.

While it is true that evidence of other criminal acts is generally not permitted because it tends to place defendant's character in issue, evidence of other similar crimes may be admitted for limited purposes, such as showing identity, motive, plan, scheme, bent of mind and course of conduct. *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977); *Wallace v. State*, 246 Ga. 738, 739 (1) (273 SE2d 143) (1980). The court has adopted a liberal approach to such evidence in cases concerning child abuse and sexual offenses against children. *Whited v. State*, 173 Ga. App. 435 (2) (326 SE2d 803) (1985). This policy is particularly apt where such evidence is admitted for corroborative purposes. *Smith v. State*, 154 Ga. App. 497, 499 (1) (268 SE2d 714) (1980). It applied here, where the four-year-old child was not called to testify.

There are two conditions precedent: first, evidence that the defendant was in fact the perpetrator of the independent crime; second, sufficient similarity or connection between the independent crime and the offense charged, so that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

The state, over objection, introduced evidence concerning an incident approximately three months before, when defendant was the babysitter for a child who was taken to the hospital suffering from various injuries to her head and body. Defendant stated the child had fallen off the bed. It was expressly admitted for the limited purpose of showing defendant's knowledge, motive, intent, state of mind, or identity. These were in issue, as he had contended that someone else inflicted the injuries on the child in the instant case.

He urges there was no direct evidence positively identifying him

as the perpetrator of a prior offense. But the absence of positive, direct testimony is not determinative of admissibility. Circumstantial evidence may be utilized to establish a prior similar offense and whether that evidence was sufficient was a matter for the jury to determine. *Baxter v. State*, 160 Ga. App. 181, 184 (2) (286 SE2d 460) (1981). Accord *Tutt v. State*, 165 Ga. App. 715, 716 (1) (302 SE2d 580) (1983); *Childs v. State*, 176 Ga. App. 549, 552 (2) (336 SE2d 309) (1985). Thus, its admission was not error. *Smith*, supra.

2. Defendant contends the admission of photographs depicting the abused child's injuries violated the principles enunicated in *Brown v. State*, 250 Ga. 862, 866 (5) (302 SE2d 347) (1983) because the photographs were gruesome and inflammatory.

But as pointed out in *Brown*, supra at 867: "A photograph which shows mutilation of a victim resulting from a crime against him may, however gruesome, have relevance to the trial of his alleged assailant." "*Brown* . . . applies to alterations caused by an autopsist . . ." *Baxter v. State*, 254 Ga. 538, 544 (8) (331 SE2d 561) (1985). Here it can truly be said, as in *Blankenship v. State*, 247 Ga. 590, 596 (8) (277 SE2d 505) (1981): "Doubtless, photographs of the victim are prejudicial to the accused, but so is most of the state's pertinent testimony." Nor were they inflammatory because repetitious and cumulative. They depicted different injuries or different views and thus the admission of each was justified to convey to the jury the exact nature of them at the time they were suffered.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 14, 1986.

*Charles D. Chastain, Susan Jankowski*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.