72980. DAUGHTRY v. THE STATE.
(350 SE2d 53)

SOGNIER, Judge.

Daughtry appeals from his conviction of aggravated assault and possession of a firearm by a convicted felon.

1. Appellant contends the State failed to prove beyond a reasonable doubt that he intended to inflict violent injury or used a deadly weapon. The evidence disclosed that Vernon Carter returned home and found appellant in his (Carter's) house; appellant was the former husband of Carter's wife and had come to the home to obtain some of appellant's son's possessions a short time after his son committed suicide. After asking several questions implying that Carter was responsible for the death of appellant's son, who had been living with the Carters, appellant suddenly pulled a pistol out of his waistband and pointed it at Carter's abdomen. Carter said "[d]on't shoot me" and ran out of the house; as he was running off the porch he told his stepdaughter and Ricky Allegood to call the police, as appellant was "fixing to shoot me." Appellant came out of the house after Carter, and told Allegood that he (appellant) would put a bullet in the gun for every lie Carter told him. Appellant also told Carter that "I'm not going to run you down to kill you." Carter testified that he felt he would be a dead man if he didn't run, and a neighbor testified that when Carter approached him for help, Carter was scared to death and white as a sheet.

OCGA § 16-5-21 (a) provides, in pertinent part: "A person commits the offense of aggravated assault when he assaults: . . . (2) With a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." The facts here establish clearly that appellant committed an act with a deadly weapon which placed Carter in reasonable apprehension of immediately receiving a violent injury. This is sufficient to support the charge of aggravated assault. *Chastain v. State,* 163 Ga. App. 678, 680 (3) (296 SE2d 69) (1982). There is no requirement that a victim be actually injured and the crime is complete without proof of injury. *Clark v. State,* 149 Ga. App. 641, 644 (2) (255 SE2d 110) (1979). An unloaded gun pointed at another in a threatening manner is a deadly weapon. *Adsitt v. State,* 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). Although in every assault there must be an intent to injure, the question of criminal intention is for the jury and will not be disturbed by this court unless it is contrary to the evidence and clearly erroneous. *Riddle v. State,* 145 Ga. App. 328, 330-331 (1) (243 SE2d 607) (1978). The jury's finding here is neither contrary to the evidence nor clearly erroneous. Hence, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by charging the jury that having a weapons permit was not a defense to the charge of possession of a firearm by a convicted felon.

OCGA § 16-11-131 (b) provides that a person who has been convicted of a felony and who possesses a firearm commits a felony. Appellant testified that he obtained a license from the Probate Court of Mitchell County to carry the pistol involved here and thus, believed he was authorized to carry the pistol. However, the only exceptions to the provisions of OCGA § 16-11-131 (b) are set forth in OCGA § 16-11-131 (c) and (d), neither of which authorizes a convicted felon to possess a firearm merely because he obtains a license to do so from a state probate court. Thus, the trial court's charge that "the fact that a convicted felon obtains a license to carry a pistol is no defense to a charge of being a Convicted Felon in Possession of a Firearm" was correct.

The court also correctly charged the jury that intent is an essential element of any crime, and that criminal intent does not mean an intention to violate the law or a penal statute, but means an intention to commit the act statutorily prohibited. OCGA § 16-2-1; *Schwerdtfeger v. State,* 167 Ga. App. 19, 20 (1) (305 SE2d 834) (1983). Hence, no error or confusion resulted from the trial court's charge, and appellant's contention to the contrary is without merit.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

Decided October 30, 1986.

*Ralph O. Scoccimaro*, for appellant.

*H. Lamar Cole*, District Attorney, *J. David Miller*, Assistant District Attorney, for appellee.