73768. COALTER v. THE STATE.
(358 SE2d 894)

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of rape, aggravated assault, aggravated sodomy, solicitation of sodomy and false imprisonment. A jury found defendant guilty of aggravated assault, solicitation of sodomy and false imprisonment. A not guilty verdict was returned as to the offense of aggravated sodomy and a mistrial was declared as to the rape charge. Defendant appeals. *Held*:

1. Defendant contends that the verdicts of guilty as to the of-

fenses of aggravated assault and false imprisonment are not authorized by the evidence. The State's evidence shows that: The victim encountered defendant and a friend at a bar. After some conversation the victim left the bar with defendant and his friend, and they drove to an apartment. The defendant's friend remained at the apartment. Defendant drove away with the victim, who recognized that they had taken a road leading out of town and asked the defendant to turn around. Defendant continued driving out of town and finally pulled into a field road. There the defendant put a gun to the victim's head and demanded that she commit oral sex on him or he would shoot her. The victim refused and defendant grabbed the victim's arm and kept trying to make her comply with his demand. After the victim would not comply with his demand, defendant showed the victim "the bullets," told her the gun was not loaded and laid the gun down. Defendant then forced the victim out of the car, opened the car's hatchback and had the victim "lean over it." At that time the victim's pants were down and the defendant's penis made contact with the victim's anal area. The victim begged the defendant "not to do that" and defendant made the victim lay down on the ground and raped her.

Viewing the evidence in the light most favorable to the jury verdict, we conclude that the evidence authorized any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Daughtry v. State*, 180 Ga. App. 711 (1), 712 (350 SE2d 53); *Smith v. State*, 254 Ga. 591, 595 (3) (331 SE2d 578); *Gilbert v. State*, 176 Ga. App. 561, 562 (2) (336 SE2d 828).

2. Defendant's remaining enumerations of error address the admission of certain similar transaction evidence. "Evidence of similar transactions or crimes is admissible when it is shown that the defendant is the perpetrator of the similar offense, and there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Evidence of independent crimes has been admitted to show bent of mind and course of conduct and has been most liberally extended in the area of sexual offenses. *Johnson v. State*, 242 Ga. 649, 653 (3) (250 SE2d 394) (1978)." *Davis v. State*, 180 Ga. App. 190, 191-192 (2) (348 SE2d 730).

In the case sub judice, defendant argues that the witness presented by the State fails to establish that the defendant committed the independent crime of which the prosecution introduced evidence. The State's similar transaction witness, a resident of Panama, testified to an incident in which she was raped and sodomized by defendant at Howard Air Force Base. She testified that she was watching television at a "dorm" and awaiting her boyfriend's return when

defendant invited her to his room to discuss her boyfriend, that once in defendant's room he threatened her with a knife, forced her to take her clothes off, perform oral sodomy on him and to have sexual intercourse with him. Subsequently, the witness reported the incident to military police.

Defendant's contention, that there was a lack of proof that he perpetrated an independent similar crime, is predicated upon the following circumstances. First, defendant relies upon the witness' acknowledgment that she had told a security policewoman that the only reason she had made the statement against defendant was because she did not want her boyfriend finding out about the incident. This statement was explained to be due to concern that if her boyfriend learned of the incident the boyfriend would not want to see her anymore. Although the prosecuting attorney and subsequently the trial court, outside the presence of the jury, attempted to elicit some clarification from the witness as to her reasoning in regard to this statement, neither succeeded. While the testimony in the record regarding the witness' motives in reporting the defendant's crimes may remain ambiguous, such does not on its face contradict her unequivocal testimony that she was raped and sodomized by defendant.

We conclude that there is sufficient evidence to present a jury question as to whether defendant committed the independent similar crime. *Miller v. State,* 179 Ga. App. 100 (1), 101 (345 SE2d 647). Secondly, we find nothing impeaching the witness' testimony in the simple fact that the witness had made no inquiry as to the disposition of her accusations against defendant. Finally, defendant relies upon the fact that the charges against him were dismissed following a hearing held pursuant to Article 32 of the Uniform Code of Military Justice (10 USCA § 832), "due to uncorroborated testimony." However, it is not essential for admissibility that the similar crime resulted in a conviction. *Green v. State,* 178 Ga. App. 203 (2), 204 (342 SE2d 386). As there was no issue raised as to the similarity of the offenses, the prerequisites for the admission of similar transaction evidence were satisfied. *Davis v. State,* 180 Ga. App. 190, 191 (2), supra; *Cunningham v. State,* 255 Ga. 35, 37 (4) (334 SE2d 656).

Defendant also argues that the admission of the similar transaction evidence was a violation of double jeopardy safeguards in that the issues presented by that evidence had previously been resolved in his favor upon the hearing held pursuant to Article 32 of the Uniform Code of Military Justice (10 USCA § 832). This argument fails because a recommendation for dismissal arising from an Article 32 hearing is not acquittal or an equivalent resolution of factual issues in defendant's favor. Compare *Moore v. State,* 254 Ga. 674 (333 SE2d 605). See generally OCGA § 16-1-8. The trial court did not err in admitting the similar transaction evidence.

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

1. With respect to Division 1, I agree that the evidence in the record supports convictions of aggravated assault (by pointing a pistol at the victim, OCGA § 16-5-21 (a) (2)) and false imprisonment (by confining the victim, OCGA § 16-5-41 (a)). However, in summarizing the evidence, I do not believe we can say that the state's evidence shows that defendant raped the victim. The jury could not reach a verdict on this charge, a mistrial was declared as to it, and the state subsequently filed a nolle prosequi.

2. Division 2 makes reference to "the independent crime." The objection which created an issue was not based on whether defendant was the person who committed it or rather someone else. Instead, the issue was whether the incident constituted a crime. Defendant admitted having sexual relations with the witness who testified about the 1981 Panama incident but claimed that it was consensual and thus did not constitute a prior "crime" or "offense" and was inadmissible for that reason. I agree that there was sufficient evidence that non-consensual intercourse took place at the earlier incident so as to meet the prerequisites for admitting the testimony of the occurrence. The credibility and weight to be given to the testimony of the witness was a matter for the jury.

3. Defendant's double jeopardy claim regarding the prior incident concerns only the federal constitutional collateral estoppel bar which is explained in *Moore v. State*, 254 Ga. 674 (333 SE2d 605) (1985). Although appellant in his enumeration cites also the Georgia constitutional provision against double jeopardy, he makes no argument to show that there was a violation of the state constitutional double jeopardy prohibition. Nor does he show that the collateral estoppel concept is embraced in Georgia's constitutional provision. None of the cases cited below or here deal with the question. *Moore* clearly was based only on a federal constitutional claim. Our opinion should thus be recognized as limited to this scope, as a state constitutional claim was not raised below and is not adequately raised here. *Gabler v. State*, 177 Ga. App. 3, 4 (2) (338 SE2d 469) (1985).

The gist of the alleged violation is that collateral estoppel applies to the Article 32 disposition, which according to defendant's testimony constituted a dismissal "due to uncorroborated testimony." I agree that this action by the United States military does not constitute collateral estoppel in the circumstances of this case such as to violate the federal double jeopardy clause, as prohibited under *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970). The fact of rape vel non was not litigated to a conclusion in defendant's favor

by the Article 32 proceeding.

DECIDED JUNE 17, 1987.

*Harry J. Fox, Jr., Laurens C. Lee*, for appellant.
*G. Theron Finlayson, District Attorney, Edward D. Lukemire, Assistant District Attorney*, for appellee.