## S91G1283. SEMONES v. THE STATE.
### (414 SE2d 463)

PER CURIAM.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari, and the writ is therefore vacated.

*All the Justices concur, except Clarke, C. J., and Smith, P. J., who dissent.*

SMITH, Presiding Justice, dissenting.

I dissent to vacating the grant of the writ of certiorari in this case because I believe that reading strict criminal liability into OCGA § 32-6-21 is improper. The penalty provision for violation of this statute is contained in OCGA § 32-1-10 and provides for criminal misdemeanor punishment of up to one year imprisonment. In light of that,

---

I believe that OCGA § 32-6-21 is punitive rather than preventive in nature and that this case is controlled by *Price v. State*, 253 Ga. 250, 252 (2) (319 SE2d 849) (1984). I would require the State to prove every element of the offense including an " 'intention to commit the act prohibited thereby.' " *Price*, supra at 252, quoting *Howard v. State*, 222 Ga. 525 (150 SE2d 834) (1966).

There is no evidence in the record that the State established the element of intent or proved criminal negligence on the part of the appellant. I would, therefore, reverse the appellant's conviction.

DECIDED DECEMBER 6, 1991.

*Dennis, Corry, Porter & Thornton, William E. Gray II*, for appellant.

*Gerald N. Blaney, Jr.*, Solicitor, *Allison L. Thatcher*, Assistant Solicitor, for appellee.