# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1913

---

### BEXLEY v. THE STATE.

1. Where a plea in abatement is based upon the ground that it appears upon the face of the indictment that one not qualified to act as a grand juror did participate in finding and returning the bill, it is competent to show that the writing of the name of such grand juror in the indictment was a clerical error upon the part of the clerk of that body, who wrote it for the name of one who was qualified to act as a grand juror and who did in fact act after having been duly drawn as a grand juror.

2. It was not error for the court to permit a witness, over objection, to testify that he was a member of the grand jury that returned a bill of indictment, his name appearing in the bill as one of the grand jurors finding and returning the same; nor was it error to permit the same witness to testify that a certain other grand juror whose name appeared in the face of the bill of indictment served as a member of the grand jury.

3. It was competent for the witness just referred to to testify that one whose name appears in the face of the bill of indictment as a grand juror did not serve. Such fact could be proved by parol evidence and did not vary the indictment nor the minutes of the court.

4. The court did not err in permitting a witness offered by the State to testify that the accused, upon being questioned as to a certain pistol which was subsequently introduced in evidence and which it was material to identify, had said, "Take this note and give it to my wife, and she will give you the pistol;" and that upon the delivery of this note to the wife she went to where the pistol was lying upon the ground among weeds about twenty steps from the house of the accused, picked up the pistol, and handed it to the witness. This was not in the nature

of hearsay testimony, nor tantamount to introducing the wife, who was incompetent to testify as a witness either for or against the husband.

(a) The evidence just referred to was not rendered inadmissible by the fact that the witness testified further, "that, at the time and on the occasion when he got the pistol in question from the hand of the wife of movant, he, the witness, made said wife bring the pistol to him; that he, the witness, told the said wife to go and get the pistol for him, and that she said she didn't have it, but that he then made her bring it to him; that witness saw said wife when she took said pistol up out of the weeds; that under the direction of witness said wife went out in the weeds and picked up the pistol and brought it to him," no objection being presented on the ground that either the accused or his wife did not act freely and voluntarily.

5. The court did not err in charging the jury as follows: "If you should find in this case, gentlemen, under the evidence and the law I have given you in charge, that the defendant, Jim Bexley, is guilty of murder under the evidence, that he was the actor or absolute perpetrator of the crime, why then that would end your deliberations, and you should return a verdict accordingly; but you may inquire whether under the evidence, if he is not the actor or absolute perpetrator of the crime, as to whether or not under the evidence he is guilty as a principal in the second degree."

6. The court charged the jury that if they should find that "Jim Bexley was present participating in the killing and murder of Amos McLaughlin, and that he was aiding and abetting Idella McLaughlin to commit the crime, why then, gentlemen, under such circumstances as these, Jim Bexley would be guilty as principal in the second degree. But he denies, gentlemen, that he is guilty as principal in the first or second degree either. In criminal law, gentlemen, the word 'abet' means to encourage, to set another on to commit a crime; to abet another to commit a crime is to command, to procure, or to counsel him to do it, and presence or participation are necessary to constitute one an abettor." Having thus explained what facts would constitute one a principal guilty of murder in the second degree, and having explained the meaning of the word "abet" as used in its definition, the court did not err in adding: "Even if one was present, gentlemen, at the commission of a crime and mentally approving or consenting to same, yet if that consent was unknown to the person committing the crime, the one so mentally approving could not be held guilty as a principal."

7. There was no merit in the ground of the motion based upon the alleged newly discovered evidence.

8. The evidence authorized the verdict.

NOVEMBER 12, 1913.

Indictment for murder. Before Judge Freeman. Coweta superior court. June 25, 1913.

*W. C. Wright* and *A. S. York,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.

BECK, J. Jim Bexley was jointly indicted with Idella McLaughlin for the offense of murder, it being charged that they did murder Amos McLaughlin. At the March term, 1913, of the superior court, Bexley was convicted, and made his motion for a new trial, which was overruled. He excepted to the overruling of a motion for a new trial and of a plea in abatement.

The judge, to whom was submitted the issue made by the plea in abatement, properly overruled the plea under the facts. It is alleged in the plea, as grounds for abating the indictment, that the name of J. J. Goodwyn appears in the indictment as one of the grand jurors who returned the bill against the defendant, and that J. J. Goodwyn was not a competent and qualified grand juror. It was shown that James J. Goodwyn did not serve as a grand juror, but that James J. Goodrum, who was a qualified grand juror, duly drawn to serve as such, did serve, and that the name James J. Goodwyn was written by mistake in the indictment for James J. Goodrum, and that this was a clerical error of a member of the grand jury, who was acting as clerk for that body at the time the names of the grand jurors were written in the indictment. The question raised by the plea is settled by previous adjudications of this court. In the case of *Chapman* v. *State,* 18 *Ga.* 736, it was said: "Mistakes in spelling or writing the names of grand jurors, either by the clerk of the jury, in the body of the indictment, or by the clerk of the court, upon its minutes, may always be corrected— the real question being as to the identity of the person. . . *Idem sonans* is no longer an infallible test. *Identitate personœ,* and not *identitate nominis,* is and should always have been the true and only issue." And in *Reich* v. *State,* 63 *Ga.* 616, it is said: "The important question is, did the men chosen as grand jurors act and find the bill true? Are those who found the charge true identical with those who were drawn to pass upon the charge? The question is not so much *idem sonans* as it is *idem persona;* and there is no doubt, with the explanation of the judge, that the same persons who found the bill were drawn and put on the minutes to pass on it."

The rulings made in headnotes 2 to 8 do not require discussion.

*Judgment affirmed. All the Justices concur.*