## 17234. NEWHAM *v*. THE STATE.

BROYLES, C. J. 1. The accused, John Newham, was indicted for the offense of involuntary manslaughter. He duly filed a plea in abatement to the indictment. The issues raised by the plea were submitted to the court, without the intervention of a jury, upon the following agreed statement of facts. "The grand jury—sitting at the January term, 1925, returned an indictment against John Newham, charging him with the offense of involuntary manslaughter, alleging the offense to have been committed in October, 1924, and when it was returned into court the clerk made an entry of return as of January 20, 1924, whereas as a matter of fact it was returned January 20, 1925, and when the attention of the clerk was called to the fact he had made a mistake in entering it as of January 20, 1924, he changed it so as to make it appear returned as of January 20, 1925." *Held*, that the court did not err in disallowing and overruling the plea.

2. The provision of the statute (Penal Code of 1910, § 827) that, where jurors have been drawn by the ordinary and commissioners, the clerk of the superior court shall, within five days, issue and deliver to the sheriff, or his deputy, a præcept containing the names of the persons drawn as jurors, is directory merely, and not mandatory, and a failure of the clerk of the superior court to carry out such provision affords no ground for a challenge to the array of the jurors put upon a defendant in a criminal case. See, in this connection, *Bird* v. *State*, 14 *Ga.* 43, 46, 47; *Woolfolk* v. *State*, 85 *Ga.* 69, 88, 89 (11 S. E. 814) and cit.; *Rafe* v. *State*, 20 *Ga.* 60.

3. When the various exceptions to the charge of the court are considered in the light of the entire charge and the facts of the case, no reversible error appears.

4. The general grounds of the motion for a new trial, not having been argued or referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 12, 1926. REHEARING DENIED JUNE 14, 1926.

Involuntary manslaughter; from Jeff Davis superior court—Judge Highsmith. February 12, 1926.

*John Rogers,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.

---

Criminal Law, 17 C. J. p. 212, n. 18.
Indictments and Informations, 31 C. J. p. 589, n 36.
Juries, 35 C. J. p. 268, n. 3.