GREEN, *alias* SMITH, *v.* THE STATE.

No. 7990.   APRIL 20, 1931.

638

*Thomas L. Hill* and *Frank E. Courtney,* for plaintiff in error.
*George M. Napier, attorney-general, George Hains, solicitor-*

*general, T. R. Gress, assistant attorney-general,* and *John M. Graham,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) The various exceptions presented by the writ of error in this case may be summarized in three divisions; and yet at last they naturally fuse themselves into one complaint. So far as the merits of the case are concerned, there is evidence to authorize the verdict finding the plaintiff in error guilty of murder. There are no exceptions to the charge of the court, which upon review appears to present plainly and impartially each and all of the principles of law applicable to homicides in general, to the charge of murder and of voluntary manslaughter. And the defense, that the killing was in self-defense, was not only correctly presented, but the court was unusually solicitous in his explanation as to the law regarding a killing committed under the fears of a reasonable man that a serious personal injury amounting to a felony was about to be committed upon him; and he also explained that if the fear apprehended was only that a misdemeanor would be committed, then the defendant might be guilty of voluntary manslaughter. The instructions on the law of the presumption of innocence, reasonable doubt, and the defendant's statement, were clear, and not mangled by useless disquisition or explanatory comments, as is sometimes the case.

■ There are exceptions to the refusal of the court to give in charge to the jury several requested instructions; but these must be treated as abandoned, because they are not referred to in the brief or argument in behalf of the plaintiff in error.

■ The grounds of demurrer to the indictment appear in the preceding statement of facts. Each and all of these grounds have heretofore been passed upon by this court and held to be without merit. Indeed, the authorities cited by counsel for plaintiff in error are themselves adverse to the contentions presented by the demurrer.

■ Exception is taken to the ruling by the court which permitted the State's counsel to state to the jury that the State would show a number of facts which counsel for the defendant contended were not only irrelevant and immaterial, but extremely prejudicial, and which were entirely disconnected with and disassociated from the issue before the jury, to wit: the guilt or innocence of the accused of the charge of the murder of the deceased as alleged in the indict-

ment. As an original proposition, and under the rules of law as formerly administered in this State, the writer, for himself personally, would have sustained the objection of the plaintiff in error. Indeed, a motion for a mistrial, if made, would have been sustainable. That the statements made were, in one sense, most prejudicial, can not be questioned. But by gradual evolution, the rule that the character of a defendant in a criminal case can not be put in issue or attacked has been gradually chiseled away and finally located in the shadow of other principles, the application of which has been deemed necessary for the enforcement of the criminal laws; and while the principle still lives in theory as a memory of the past, it is of little practical effect in the actual trial of cases. As to the statement of counsel to the jury of their position and contentions, the law is of course as it ever was—that they can only state that they expect to prove what can be proved according to the rules of law. The change which has been effected is that testimony as to other transactions disconnected with that with which the defendant stands charged in the indictment, in both time and circumstance, may be used to show motive, scheme, or plan, and indeed the very nature or animus of the defendant when necessary either to identify and fix the offense upon him, or indeed to disclose the intent with which the accused acted, if there be doubt as to the intent with which the crime was committed. It is true that under the rule the jury are to receive evidence of the commission of previous crimes only for the purposes specified, and not for the purpose of determining by this alone the guilt of the accused. In other words, the jury are forbidden, although they have this evidence of the character and nature of the defendant, to convict him "upon general principles," as that expression is sometimes used in general parlance. The objection of counsel for defendant to the opening argument in this case is based upon the principle that the State did not have the right to prove any of the other facts and occurrences which he stated he would prove to the jury. The question, therefore, submitted to the trial court was as to whether he did not have the right to prove that which he stated. Under the rulings of this court, and under the general trend of modern authority, the court held, in overruling the objection, that the solicitor-general had the right to prove all that he said he could prove. Under the ruling in *Frank* v. *State*, 141 *Ga.* 243 (80

S. E. 1016), and the numerous authorities from our courts cited, as well as from text-writers and other jurisdictions, the court did not err in permitting the solicitor-general to proceed. In *Williams* v. *State,* 152 *Ga.* 498 (110 S. E. 286), the ruling of the majority in the *Frank* case was followed, and it has been adhered to in later rulings by this court. In the present case, the transactions which the solicitor-general stated he would prove all occurred after the commission of the offense alleged in the indictment; and it therefore becomes a question whether the same rule as is applicable to previous acts or crime committed by the accused is likewise applicable to evidence as to the commission of offenses of a similar nature subsequent to the commission of the deed for which he has been indicted. In this case the solicitor-general explained that the facts he would prove were in substantiation of the fact that the motive of the defendant in the subsequent robberies or holdups was to obtain money with which to make his escape by flight. We see no reason why the conduct of one accused of murder after the homicide should not afford as true a criterion by which to determine motive and intent of him who did the killing as his prior conduct; as one of the main reasons upon which proof of other and distinct offenses is admissible is that motive and intent and plans· and schemes are concealed within the breast of the actor, and can perhaps be disclosed by the conduct of the accused under similar circumstances—whether before or after the act for the commission. of which he stands charged as a violator of the law. There are several assignments of error based upon the introduction of evidence over the objection of the accused, as set forth in the statement of facts. They need not be dealt with seriatim, because each and all of them fall within the rule as stated in *Frank* v. *State,* and reiterated in *Williams* v. *State,* supra.

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*