### 27337.   ALEXANDER v. LUZIER.

NICHOLS, Justice. This is a habeas corpus case wherein the prisoner seeks to be released from prison. He was convicted of murder and sentenced to death. On appeal (*Alexander v. State,* 225 Ga. 358 (168 SE2d 315)), the conviction was affirmed but a new trial granted as to sentence. On such new trial the prisoner was sentenced to life imprisonment. Basically the prisoner makes three contentions. (1) That the indictment on which he was tried was so vague as to be void, (2) that illegal evidence was admitted upon his trial, and (3) ineffective assistance of counsel. *Held:*

1. Under decisions exemplified by *Green v. State,* 172 Ga. 635 (2) (158 SE 285), the failure of the indictment to allege that the named person killed and murdered was a "human being" did not invalidate the indictment.

2. The question of the suppression of evidence was raised and decided adversely to the prisoner on the trial of the case and affirmed by the decision of this court. See *Alexander v. State,* supra.

3. Where, as in the present case, the record discloses that employed counsel ably represented the defendant and obtained a reversal of the sentence of death resulting in a new sentence of life imprisonment only being imposed, it cannot be said that such representation was so deficient as to constitute the trial "a farce, or a mockery of justice, or shocking to the conscience." Compare *Hart v. State,* 227 Ga. 171 (10) (179 SE2d 346).

The judgment of the trial court remanding the prisoner to custody was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JULY 10, 1972—DECIDED SEPTEMBER 7, 1972.

Rudolph Alexander, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General,* for appellee.

