## 77084. ARMOUR v. THE STATE.
### (374 SE2d 794)

BENHAM, Judge.

In this appeal from appellant's conviction for sale of marijuana, the sole enumeration of error is that the trial court abused its discretion by permitting voir dire questions concerning prospective jurors' acquaintance with persons whom appellant's counsel describes as "well-known local convicted or suspected drug dealers." The record shows that the prosecuting attorney asked prospective jurors whether they knew certain named persons. Defense counsel objected, asserting that the jurors might make inappropriate associations from the naming of those names. Noting that it did not know why the State wanted to ask about the named persons, the trial court declined to limit the questioning. Defense counsel then stated in the presence of the jury that the persons named were "known criminals." Appellant now contends that he was unfairly prejudiced by the questioning.

Trial courts are vested with the "broadest of discretion" in controlling voir dire and that discretion will not be disturbed unless manifestly abused. *White v. State*, 230 Ga. 327 (5a) (196 SE2d 849) (1973). The question here, then, is whether that discretion was exercised and, if so, whether it was abused.

That the trial court exercised discretion in permitting the questioning is shown by the fact that when the prosecuting attorney named a well-known television evangelist and his wife, the trial court admonished him to stick to relevant names, by which, we take it, he meant names of persons who could be within the acquaintance of the prospective jurors. The question remains whether the trial court's discretion was abused.

Considering the approach taken by the prosecuting attorney, asking about acquaintance with named persons but making no characterizations about those persons, we find no abuse of discretion. Until defense counsel informed the prospective jurors that the names were those of criminals, there was nothing in the record to show that the jurors had the information necessary for them to make the associations which counsel professed to fear; i.e., there is nothing in the record to show that any of the jurors were aware that they were being asked about their acquaintance with criminals. Under those circumstances, we are of the opinion that any prejudice to appellant was self-induced.

That is not to say that prosecuting attorneys have an absolute right to question jurors in every criminal case about their acquaintance with anyone at all. " 'The single purpose of voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias or prior inclination.' [Cit.] Counsel on voir dire 'should confine his questions

to those which may illustrate any prejudice of the juror against the accused or any interest of the juror in the cause.' [Cits.]" *Freeman v. State*, 132 Ga. App. 615 (8) (208 SE2d 625) (1974). If defense counsel believes that the prosecuting attorney is going too far afield, as defense counsel in this case did, the proper procedure is to request that the purpose of the questioning be explained to the court outside the presence of prospective jurors. The trial court will then have the opportunity and the duty to determine, in its discretion, whether the questions being asked are within the scope of OCGA § 15-12-133, that is, whether their answers will "illustrate any interest of the juror in the case . . ." The approach taken in this case, defense counsel informing the court in the presence of the prospective jurors of his belief concerning the reason for the questions, deprives the court of the opportunity to make such a determination without creating the very prejudice sought to be avoided.

Under all the circumstances in this case, we find no abuse of discretion which would warrant a reversal of appellant's conviction.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1988.

*Charles R. Hunt*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.