## S06C1689. WILSON v. THE STATE.
(642 SE2d 1)

ORDER OF THE COURT.

Upon consideration of the Motion for Reconsideration filed in this case, it is ordered that it be hereby denied.
*All the Justices concur, except Sears, C. J., who dissents.*

HUNSTEIN, Presiding Justice, concurring.
Wilson was convicted of aggravated child molestation based upon an act of oral sodomy performed on him by victim T. C., which was documented on videotape and seems to show that the victim's participation in the act was voluntary. Wilson was 17 years old at the time of the act; the victim was 15 years old. Pursuant to the version of the aggravated child molestation statute then in effect, Wilson was sentenced to ten years imprisonment without possibility of parole. See former OCGA § 16-6-4 (d) (1). In 2006, the Legislature amended OCGA § 16-6-4 to provide, inter alia, that aggravated child molestation involving an act of sodomy is only a misdemeanor when the victim is between 13 and 16 years of age and the convicted person is 18 years of age or younger and is no more than four years older than the victim. OCGA § 16-6-4 (d) (2). Although the situation in this case would fall within the ambit of the current statute, which became effective July 1, 2006, while Wilson's appeal from the affirmance of his conviction by the Court of Appeals was pending before this Court, see Ga. L. 2006, p. 379, § 11/HB 1059, the Legislature expressly chose not to allow the provisions of the new amendments to affect persons convicted under the previous version of the statute. See id. at § 30 (c). Accordingly, while I am very sympathetic to Wilson's argument regarding the injustice of sentencing this promising young man with good grades and no criminal history to ten years in prison without parole and a lifetime registration as a sexual offender because he engaged in consensual oral sex with a 15-year-old victim only two years his junior, this Court is bound by the Legislature's determination that young persons in Wilson's situation are not entitled to the misdemeanor treatment now accorded to identical behavior under OCGA § 16-6-4 (d) (2).

WRIT OF CERTIORARI DENIED OCTOBER 2, 2006 — RECONSIDERATION DENIED DECEMBER 15, 2006.

*Brenda J. Bernstein, Celeste S. Jenks*, for appellant.
*J. David McDade, District Attorney, James E. Baker, Christopher R. Johns, James A. Dooley, Assistant District Attorneys*, for appellee.