## S06A0910. BAILEY v. THE STATE.

(635 SE2d 137)

BENHAM, Justice.

Phillip Ray Bailey has been charged with malice murder, felony murder, burglary, armed robbery, and two counts of aggravated assault in connection with the death of Jess Sharp on September 30, 2002. The State has given notice of its intent to seek the death penalty. This Court granted Bailey's application for interim review and directed the parties to address whether the trial court erred in denying Bailey's motion to quash his current indictment. For the reasons set forth below, we find no error.

The facts involved in Bailey's claim regarding his current indictment are not in dispute. A man named Harvey D. Giddens was summoned for grand jury service and served as one of the grand jurors who indicted Bailey. However, the administrative assistant who transcribed the list of the grand jurors to Bailey's current indictment mistyped Harvey D. Giddens's name as "Henry D. Giddens." Bailey argues that he is entitled to an indictment perfect in form and substance and that, in light of the misspelling of the grand juror's name, the indictment at issue should have been quashed.

This Court has stated that "[a]n accused is entitled to an indictment perfect in form as well as substance if he raises the question on special demurrer." *State v. Shepherd Constr. Co.*, 248 Ga. 1, 3 (I) (b) (281 SE2d 151) (1981). However, in adopting the "perfect" indictment standard from the Court of Appeals, this Court recognized that the ultimate goal in requiring "perfect" indictments is to provide trials free of harmful defects. See *State v. Eubanks*, 239 Ga. 483, 488 (238 SE2d 38) (1977). Thus, this Court held that reversal is not warranted in an appeal heard *post*-trial where a special demurrer has been improperly overruled but where no harm has resulted. Id. This Court further indicated in dicta that in *pre*-trial proceedings a trial court may not alter an indictment in any "material fashion" but may strike out the erroneous portion of an indictment where the matter stricken is "immaterial." Id. at 490. This same rationale was followed by this Court when, on interlocutory appeal, it affirmed the denial of a special demurrer where the name of an illegal drug had been misspelled in an indictment but the indictment remained "sufficient to put appellant on notice of the alleged offense." *Harmon v. State*, 235

Ga. 329 (1) (219 SE2d 441) (1975). Although predating this Court's adoption of the "perfect" indictment standard, this Court also has affirmed the denial of a plea in abatement where, just as in Bailey's case, a grand juror's name was misspelled. *Bexley v. State*, 141 Ga. 1 (80 SE 314) (1913). These cases are consistent with the current version of the Georgia Code, which in introducing the required elements of an indictment, including the naming of the grand jurors, states: "The form of every indictment shall be *substantially* as follows:" (Emphasis supplied.) OCGA § 17-7-54 (a). The inclusion of the word "substantially" was a change in Georgia law, a change to which this Court must give effect in any case where a defendant's right to a fair trial will not be adversely affected. See, e.g., 1933 Code § 27-701; 1833 Penal Laws § 308. Thus, both in light of our own precedent and in light of current statutory law, we hold that a trial court does not err in denying a special demurrer where the defect in an indictment is not material and does not prejudice the defendant's rights.[1]

In Bailey's case, defense counsel have easily determined the identity of the grand juror whose name was misspelled on Bailey's indictment. Because we find the misspelling of the grand juror's name was not a material defect and because it is obvious that Bailey will not suffer prejudice from the error, we hold that the trial court did not err in overruling Bailey's special demurrer.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Mitchell D. Durham, Justin J. Wyatt*, for appellant.
*Patrick H. Head*, District Attorney, *Irvan A. Pearlberg, Amy H. McChesney*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, for appellee.

---

[1] The decision by the Court of Appeals in *Hubbard v. State*, 123 Ga. App. 597 (181 SE2d 890) (1971), is disapproved to the extent that it is inconsistent with this opinion.