S07A0002. WAGNER v. THE STATE.
(646 SE2d 676)

HUNSTEIN, Presiding Justice.

Crystal Mae Wagner has been indicted for murder, felony murder, and concealment of a death.[1] The crimes allegedly occurred on

---

[1] The trial court quashed Count 4 of Wagner's indictment, which charged her with theft by taking. This Court did not grant the application for interim review to address this issue.

February 10, 2005. The State has given notice of its intent to seek the death penalty. This Court granted Wagner's application for interim review and directed the parties to address five issues. Wagner has raised two additional issues. As set forth below, we reverse the trial court's overruling a demurrer to Count 2 of the indictment, affirm with direction as to Counts 1 and 3, and affirm as to all other issues raised.

1. Count 2 of Wagner's indictment attempts to charge felony murder, but it includes the phrase, "intentionally and with malice aforethought," which obviously should appear in a malice murder charge, not a felony murder charge. See OCGA § 16-5-1. The State *could* have charged malice and felony murder in the alternative in the same count. See *Leutner v. State*, 235 Ga. 77, 79 (2) (218 SE2d 820) (1975). However, the charge at issue here mixed those elements rather than charging them in the alternative.

In *Bailey v. State*, 280 Ga. 884 (635 SE2d 137) (2006), we found no error in the trial court's denial of a motion to quash an indictment because "the misspelling of the grand juror's name was not a material defect and because it is obvious that Bailey will not suffer prejudice from the error." Id. at 885. In so holding, we relied on prior case law in which this Court affirmed on pre-trial appeal a trial court's refusal to quash an indictment containing the misspelling of an illegal drug because the indictment, even with the misspelling, "remained 'sufficient to put appellant on notice of the alleged offense.' [Cit.]" Id. at 884-885. We also reiterated that a trial judge, in response to a special demurrer, should "strike out the erroneous portion of an indictment where the matter stricken is 'immaterial.' [Cit.]" Id. at 884. Thus, we distinguished our prior case law describing the right to a "perfect" indictment upon the filing of a special demurrer. Id. at 884.

Consistent with *Bailey*, supra, we hold that where a special demurrer points out an *immaterial* defect, the trial court should strike out or otherwise correct the immaterial defect. Where a special demurrer points out a *material* defect, the trial court must quash the defective count of the indictment. However, in *Bailey*, in affirming the denial of the motion to quash the indictment, we held that a trial court does not err by denying a special demurrer "where the defect in an indictment is not material and does not prejudice the defendant's rights." (Footnote omitted.) Id. at 885. While often the questions of materiality and prejudice may be coextensive, harmless error review is appropriate only in the post-conviction setting, not in pre-trial proceedings or on pre-trial appeal. Thus, to the extent that *Bailey* can be construed to hold that a material defect that is not prejudicial to the defendant does not require the quashing of a defective count of an indictment, it is disapproved.

Because we find that the mixing of the elements of malice murder and felony murder constitutes a material defect, we order Count 2 of Wagner's indictment quashed.

2. The malice murder charge in Count 1 of Wagner's indictment names the murder victim but fails to state that the victim was a "human being." This Court has previously held in several *post*-conviction appeals that an indictment that names a murder victim but fails to allege that the victim was a human being is sufficient. *Alexander v. Luzier*, 229 Ga. 434 (1) (192 SE2d 160) (1972) (habeas corpus); *Green v. State*, 172 Ga. 635 (2) (158 SE 285) (1931) (direct appeal); *Sutherland v. State*, 121 Ga. 591 (1) (49 SE 781) (1905) (appeal of denied motion in arrest of judgment). We now hold, in this *pre*-trial appeal, that the failure of a count of an indictment to state that a specifically-named victim was a human being is not a material defect. Thus, for the reasons set forth in Division 1, we hold that the trial court did not err by refusing to quash the malice murder count in Wagner's indictment; however, we direct the trial court to correct the indictment in light of our discussion above.

3. Wagner complains that Count 3 of her indictment names the crime of "Concealment of a Death" and properly charges the elements of that offense, but that it lists the incorrect Code section. Because the naming of the Code section is mere surplusage, the misnaming of the Code section is not a material defect. See *State v. Eubanks*, 239 Ga. 483, 490-491 (238 SE2d 38) (1977). Thus, in light of our discussion in Division 1, we hold that the trial court did not err by refusing to quash Count 3 of Wagner's indictment, but should strike the incorrect Code section from the indictment.

4. Wagner argues that the trial court erred by denying her motion to have challenges for cause heard outside the jurors' presence. Some matters raised by counsel during voir dire are better addressed outside the presence of the jurors. See *Holmes v. State*, 273 Ga. 644 (2) (543 SE2d 688) (2001) (approving practice of remedying *Batson* violations by reseating jurors who remain unaware of party who struck them); *Armour v. State*, 188 Ga. App. 855, 856 (374 SE2d 794) (1988) (when defense believes State's voir dire is improper, "proper procedure" is to raise matter "outside the presence of prospective jurors"). However, "[t]he trial court has a discretion to control voir dire," *Jones v. State*, 263 Ga. 904, 907 (9) (b) (440 SE2d 161) (1994), and we find no reversible error in the trial court's denial of Wagner's request to have *all* challenges for cause heard outside the jurors' presence.

5. Wagner argues that the trial court erred by refusing to compel the District Attorney to testify about his decisions to seek the death penalty in Wagner's case and other cases. She argues that the District Attorney's testimony potentially could show that his decisions were

arbitrary and capricious. Although a defendant bears the burden to prove any allegedly-unconstitutional conduct by a prosecutor in electing to seek a death sentence, see *Jenkins v. State*, 269 Ga. 282 (2) (498 SE2d 502) (1998), the manner in which that burden is carried must be consistent with the law and public policy considerations. A prosecutor's discretion in seeking a death sentence is limited by statute. See OCGA § 17-10-30. The prosecutor's discretion is also "limited by the jury's ultimate decision" and the "strength of the evidence" in any given case. *Jenkins*, supra, 269 Ga. at 285 (2). However,

> [t]his Court has repeatedly rejected challenges to the legislature's determination that district attorneys should have the discretion to decide whether a murder defendant meets the statutory criteria for the death penalty and whether to pursue the death penalty when a defendant is eligible.

(Footnote omitted.) *Terrell v. State*, 276 Ga. 34, 42 (5) (572 SE2d 595) (2002). Policy considerations demand that prosecutors generally should not be forced to testify in rebuttal to accusations that they have abused their discretion unless the criminal defendant presents a prima facie case of unconstitutional conduct with respect to his or her case. See *McClesky v. Kemp*, 481 U. S. 279, 297, n. 18 (II) (A) (107 SC 1756, 95 LE2d 262) (1987). In this case,

> absent far stronger proof, it is unnecessary to seek such a rebuttal, because a legitimate and unchallenged explanation for the [prosecutor's] decision is apparent from the record: [Wagner allegedly] committed an act for which the United States Constitution and Georgia laws permit imposition of the death penalty.

Id. at 296-297 (II) (A). Therefore, we conclude that the trial court did not err by refusing to compel the District Attorney's testimony in Wagner's case.

6. Wagner complains that the State, in two of the statutory aggravating circumstances listed in its notice of intent to seek the death penalty, alleged that "[t]he offense of murder in this case was committed for the purpose of receiving money" rather than that "[t]he offender" committed the murder for the purpose of receiving money, as appears in OCGA § 17-10-30 (b) (4). Wagner makes a valid point, as it is conceivable that her co-defendant committed "the murder" for the purpose of receiving money but that Wagner's own participation in the murder was not for that purpose. The State could simply re-notify Wagner regarding this statutory aggravating circumstance

using the language of the Code. See *Sears v. State*, 270 Ga. 834 (6) (a) (514 SE2d 426) (1999) (notice of additional aggravating circumstance during guilt/innocence phase jury deliberations held permissible). See also *Walker v. State*, 281 Ga. 157, 160 (2), n. 10 (635 SE2d 740) (2006) (strongly urging prosecutors to include notice of specific statutory aggravating circumstances in notice of intent to seek the death penalty, or as soon thereafter as is possible). However, because there is no reason to believe the trial court will fail to properly charge the jury and because Wagner has sufficient notice of what she will have to defend against, we conclude the trial court did not err by refusing Wagner's request to "dismiss" this statutory aggravating circumstance.

7. Wagner argues that there is a defect in the State's notice that it will seek the death penalty based on the OCGA § 17-10-30 (b) (7) aggravating circumstance because that notice fails to state what aspects of the murder involved "depravity of mind." This Court has specified the types of evidence that may prove "depravity of mind," and it has set out a specific charge on "depravity of mind" to be given upon a defendant's request. See *West v. State*, 252 Ga. 156 (2), 161-162 (Appendix) (313 SE2d 67) (1984). As with the *defective* notice discussed above regarding the purpose of the murder being money, the *correct* use of the language of the Code regarding "depravity of mind" places Wagner on sufficient notice regarding what she should be prepared to defend against. Accordingly, the trial court did not err by refusing to "dismiss" this statutory aggravating circumstance. See *Walker*, supra, 281 Ga. at 160-161 (2) (pretermitting question of whether notice of specific statutory aggravating circumstances is constitutionally required).

*Judgment affirmed in part, affirmed in part with direction and reversed in part. All the Justices concur.*

DECIDED JUNE 11, 2007.

*Hogue & Hogue, Franklin J. Hogue, Laura D. Hogue*, for appellant.

*Howard Z. Simms, District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Elizabeth A. Burton, Assistant Attorney General*, for appellee.