S12A1898. GREEN v. THE STATE.
(738 SE2d 582)

HUNSTEIN, Chief Justice.

Deandra Antwan Green filed a special demurrer alleging that his indictment was void because it failed to show that the charged offenses occurred on a date prior to the grand jury's return of the

---

indictment. The trial court found that the court clerk had made an error in writing the date on which the indictment was returned in open court, but that the error was cured by the clerk's actions and testimony. We granted Green's application for interlocutory appeal to determine whether the trial court was correct in overruling the special demurrer. We hold that the clerk's clerical error in entering the indictment's return date was an immaterial defect that could be corrected. Therefore, we affirm.

Along with two co-defendants, Green was indicted in Tift County Superior Court for malice murder, felony murder, aggravated assault, and other felonies in connection with events that occurred on April 16, 2011. The grand jury returned the indictment in open court on May 17, 2011, but the court clerk entered March 17, 2011 as the date of return on the indictment and in the criminal docket book. At the hearing on the special demurrer, the clerk testified that she had made a mistake in recording the indictment's return date and changed the date from March to May after she realized her mistake. Concluding that the error was an irregularity corrected by the clerk, the trial court overruled the special demurrer and certified its pre-trial order for immediate review.

The purpose of an indictment is to inform the accused of the charges against him and to protect the accused against another prosecution for the same offense. *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977). "A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment." *Bramblett v. State*, 239 Ga. 336, 337 (1) (236 SE2d 580) (1977). When a special demurrer points out an immaterial defect, the trial court need not dismiss the defective charge, but may strike out or correct the erroneous portion of the indictment. See *Wagner v. State*, 282 Ga. 149 (1) (646 SE2d 676) (2007). Among the defects that we have previously found immaterial in an indictment are the misnaming of a code section, the misspelling of a drug or grand juror's name, and the omission of the defendant's middle initial. See id. at 151; *Bailey v. State*, 280 Ga. 884 (635 SE2d 137) (2006), overruled on other grounds by *Wagner*, 282 Ga. at 150; *Harmon v. State*, 235 Ga. 329 (1) (219 SE2d 441) (1975); *Veal v. State*, 116 Ga. 589 (4) (42 SE 705) (1902).

In a case involving similar facts, the Court of Appeals concluded that the trial court did not err in overruling a plea of abatement when a court clerk corrected an error in the return date of the indictment. See *Newham v. State*, 35 Ga. App. 391 (1) (133 SE 650) (1926). In that case, the indictment alleged the offense was committed in October 1924, and the clerk made a mistake in entering a return date of

January 20, 1924, rather than the correct date of January 20, 1925. Likewise, in one of our cases involving a clerical error related to an indictment, we determined that the trial court properly overruled a plea in abatement when the testimony of the bailiff and court clerk cured the irregularity. See *Chelsey v. State*, 121 Ga. 340 (6) (49 SE 258) (1904) (evidence presented at the plea hearing showed the indictment had been returned by the grand jury bailiff and received by the clerk in open court, despite the omission of that fact from the minutes for the term of court).

In this case, we hold that the entry of the erroneous return date on the indictment was an immaterial defect. The body of the indictment clearly alleges that the crimes were committed on April 16, 2011, and the trial court correctly found that the indictment fully informs Green of the charges against him. The Tift County Superior Court Clerk testified that she made a mistake in entering March 17, 2011 as the date that the indictment was returned and subsequently corrected the date to May 17, 2011 on the indictment and in the superior court docket book. She further testified that the grand jury did not meet on March 17, and the indictment lists the meeting date as "March Term 2011/May Meeting." Thus, unlike the case cited by Green, the evidence here does not support his contention that the alleged offenses were committed on a date after the return of the indictment. See *Minhinnett v. State*, 106 Ga. 141 (32 SE 19) (1898) (holding conviction illegal when the only evidence on time showed the offense occurred after the grand jury's date of presentment). Because the indictment in this case charged the correct date of the alleged crimes and the court clerk corrected the clerical error in the return date, we conclude that the trial court correctly overruled the special demurrer.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

*Ronald L. Beckstrom*, for appellant.
*C. Paul Bowden, District Attorney, Kevin E. Hutto, Assistant District Attorney*, for appellee.