**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 30, 2025**

# In the Court of Appeals of Georgia

A25A2131. THE STATE v. BESONG.

BROWN, Chief Judge.

The State appeals from the trial court's order granting Fidelis Besong Jr.'s demurrer solely on the issue of punishment and ruling that the sentencing provisions of OCGA § 16-6-4 (d) (2) applied to Count 1 of the State's five-count indictment. For the reasons set forth below, we reverse.

This Court reviews a dismissal based on a general demurrer "de novo." See _State v. Mondor_, 306 Ga. 338, 341 (1) (830 SE2d 206) (2019). So viewed, the record reflects that the State indicted Besong for his acts against two minors. The indictment charged Besong with aggravated child molestation (Count 1) and enticing a child for indecent purposes (Count 2) against E. L., a minor who was "at least 14 years of age

but less than 16 years of age." The indictment also charged Besong with aggravated child molestation of M. B., "a child under the age of 16 years" (Count 3), criminal damage to property in the second degree (Count 4), and simple battery against M. B. Besong filed a demurrer to the indictment, alleging that "this prosecution is unconstitutional" because the Supreme Court of Georgia "has clearly determined that a Romeo and Juliet sentencing reduction [from a felony to a misdemeanor] is mandatory in teenage sex cases[.]" Besong subsequently amended the demurrer, implicating the rule of lenity. Following a hearing, the trial court concluded that the rule of lenity mandated that "any ambiguity in whether to sentence a defendant to the greater or lesser offense should be resolved in the defendant's favor," ruled that the sentencing provisions of OCGA § 16-6-4 (d) (2) applied to Count 1, and granted the demurrer "solely to the issue of punishment." The trial court clarified that its ruling "shall not otherwise be considered a quash of . . . Count [1]." The State subsequently filed this direct appeal.

1. The circumstances of this appeal require this Court to inquire into its jurisdiction. See *Collins v. State*, 277 Ga. 586, 587 (591 SE2d 820) (2004). The State's

right to appeal in criminal cases is governed by OCGA §§ 5-7-1 and 5-7-2.[1] "In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." (Citation and punctuation omitted.) *State v. Green*, 331 Ga. App. 107, 109 (1) (769 SE2d 804) (2015). See also *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007). As relevant to this case, OCGA § 5-7-1 (a) (1) provides that the State may appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, or a petition alleging that a child has committed a delinquent act, or any count thereof."

In its order, the trial court effectively amended Count 1 to charge a misdemeanor and then expressly stated that its ruling *shall not be considered a quashal or dismissal of that count.* While it would appear that such a ruling precludes an appeal by the State, "whether an order constitutes a dismissal of the indictment or accusation so that such an order is subject to appeal by the State under OCGA § 5-7-1 (a) (1) depends not upon the terminology used by the court, but upon the substance of the trial court's action." (Citation and punctuation omitted.) *Berky v. State*, 266 Ga. 28,

---

[1] OCGA § 5-7-2 allows appeals where the trial court grants a certificate of immediate review; it is not implicated in this case.

29 (463 SE2d 891) (1995), superseded by statute on other grounds, *State v. Rosenbaum*, 305 Ga. 442, 448 (1), n.9 (826 SE2d 18) (2019). As explained below, the substance of the trial court's action here was tantamount to a dismissal of Count 1 of the indictment.

"A challenge to an indictment is typically made through a demurrer to the indictment. A demurrer . . . may be general or special." (Citations and punctuation omitted.) *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998). "A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment." (Citations and punctuation omitted.) *Taylor v. State*, 374 Ga. App. 126, 137 (4) (b) (911 SE2d 684) (2025). A general demurrer attacks the validity or legality of an indictment and argues that, even if all the facts alleged are true, they do not constitute a crime as a matter of law, i.e., the indictment fails to allege a crime or violates the defendant's due process rights. See *Mondor*, 306 Ga. at 341 (1); *State v. Wilson*, 318 Ga. App. 88, 91-92 (1) (732 SE2d 330) (2012). If the trial court grants a general demurrer, it may quash or dismiss the indictment or specific count challenged. See *Green v. State*, 292 Ga. 451, 452 (738 SE2d 582) (2013). See also *State v. Hanna*, 305 Ga. 100, 105 (2) (823

SE2d 785) (2019) (noting, in dicta, that defendant could have filed a general demurrer to an indictment charging him with felony murder when he argued, based upon the rule of lenity, that the State should have charged him under the more lenient deprivation of a minor statute).[2] A special demurrer, on the other hand, argues that an indictment suffers from specific deficiencies and seeks more information or greater specificity as to the crimes charged. See *Wilson*, 318 Ga. App. at 92 (1). If a trial court grants a special demurrer it "need not dismiss the defective charge, but may strike out or correct the erroneous portion of the indictment." *Green*, 292 Ga. at 452.

In this case, Besong filed a general demurrer to a felony count and the trial court amended the charge, effectively rewriting the indictment to charge a misdemeanor instead of the felony count proposed by the State and formally authorized by the grand jury in its indictment. Beyond the fact that amendment is not a proper remedy for a sustained general demurrer,

> [i]t is well established in this and other jurisdictions that an indictment can not be materially amended by striking from or adding to its

---

[2] The State questions whether a pretrial demurrer is "truly a proper mechanism for challenging a post-conviction sentence" and that the trial court's reliance on *Hanna* may be misplaced. Given our ruling in Division 2, infra, however, we need not reach that issue.

allegations, *except by the grand jury*, and only by it before it is returned into court. It is bad practice for the court to do either; and if such additions or subtractions materially affect the indictment, it becomes void and can not be the basis of a conviction.

(Citations and punctuation omitted; emphasis supplied.) *Gentry v. State*, 63 Ga. App. 275, 276 (11 SE2d 39) (1940). See also *Morris v. State*, 310 Ga. App. 126, 128 (2) (712 SE2d 130) (2011). Indeed, the striking or amending of an indictment is equivalent to dismissing or quashing the indictment. See *Gentry*, 63 Ga. App. at 276. Because the trial court was not authorized to amend the indictment, its action was equivalent to a dismissal of Count 1, which may be directly appealed by the State. See OCGA § 5-7-1 (a) (1). We will therefore consider the merits of this appeal.

2. The State contends that the trial court erred in concluding that the sentencing provisions of OCGA § 16-6-4 (d) (2) apply to Count 1, arguing that "application of the rule of lenity is not an issue here because there is no ambiguity in the statute regarding the proper sentence of a defendant" such as Besong who is charged with aggravated child molestation by both sodomizing the victim *and* committing an act of child molestation which caused injury to the victim. We agree.

Even assuming (without deciding) that the rule of lenity could be implicated in this case, the State is correct that the trial court erred in applying the provisions of OCGA § 16-6-4 (d) (2) to the crime for which Besong was charged in Count 1. As set forth above, Count 1 of the indictment charged Besong with the offense of aggravated child molestation for "commit[ting] an immoral and indecent act to [the victim], a child under the age of 16 years, with the intent to arouse and satisfy the sexual desires of himself by placing his penis on and in said child's anus, said act causing injury to said child, to wit: pain[.]" OCGA § 16-6-4 (c) provides that "[a] person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." Thus, a person can commit the crime of aggravated child molestation in two ways: (1) by committing an offense of child molestation which physically injures the child, *or* (2) by committing an offense of child molestation which involves an act of sodomy.[3] In this case, the State charged Besong with committing aggravated child molestation in both ways.

---

[3] "Sodomy requires contact between the sex organs of one person and the mouth or anus of another." (Citation and punctuation omitted.) *Wofford v. State*, 329 Ga. App. 195, 200 (1) (764 SE2d 437) (2014).

A conviction for aggravated child molestation carries a lengthy felony sentence.[4] In 2006, the legislature amended OCGA § 16-6-4 to allow misdemeanor treatment for aggravated child molestation *involving an act of sodomy* when the victim is between 13 and 16 years of age and the convicted person is 18 years of age or younger and is no more than four years older than the victim. OCGA § 16-6-4 (d) (2). See *Wilson v. State*, 281 Ga. 447 (642 SE2d 1) (2006) (Hunstein, J., concurring). In its entirety, the subsection provides that

> [a] person convicted of the offense of aggravated child molestation when: (A) The victim is at least 13 but less than 16 years of age; (B) The person convicted of aggravated child molestation is 18 years of age or younger and is no more than four years older than the victim; and (C) *The basis of the charge of aggravated child molestation involves an act of sodomy* shall be guilty of a misdemeanor and shall not be subject to the sentencing and punishment provisions of Code Section 17-10-6.1.

(Emphasis supplied.) OCGA § 16-6-4 (d) (2). By its express terms, this exception allows misdemeanor treatment for aggravated child molestation when the only

---

[4] "[A] person convicted of the offense of aggravated child molestation shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." OCGA § 16-6-4 (d) (1).

aggravating factor is the act of sodomy, not injury. Because Besong is charged with committing aggravated child molestation by committing an offense of child molestation which (1) physically injured the victim *and* (2) involved an act of sodomy, he is not eligible for misdemeanor treatment under OCGA § 16-6-4 (d) (2). Accordingly, the trial court erred in ruling that the sentencing provisions of OCGA § 16-6-4 (d) (2) apply to Count 1 and granting Besong's general demurrer on the issue of sentencing, and we reverse its order.

*Judgment reversed. Barnes, P. J., and Watkins, J., concur.*