44029. IZZO et al. v. THE STATE.
(356 SE2d 204)

BELL, Justice.

This appeal involves an attack on the constitutionality of OCGA § 16-12-32 (b). The trial court held the statute constitutional, and we affirm.

OCGA § 16-12-32 (b) provides, in relevant part, that "all *property* used in, intended for use in, used to facilitate, or derived from or realized through a violation of this article or which is located within any *gambling place* . . . is declared to be contraband and may be seized and forfeited as provided in this Code section." (Emphasis supplied.)

OCGA § 16-12-32 (a) defines "property" as being "any personal property of any type, tangible or intangible, including but not limited to vehicles, conveyances, aircraft, watercraft, funds, other things of value or choses in action . . . ."

OCGA § 16-12-20 (3) defines "gambling place" as being "any real estate, building, room, tent, vehicle, boat, or other property whatsoever, one of the principal uses of which is the making or settling of bets; the receiving, holding, recording, or forwarding of bets or offers to bet; or the conducting of a lottery or the playing of gambling devices."

In the instant case, when the police raided the Cobb Nobility Club, a suspected gambling club, the appellants were found therein. Most were sitting around card tables on which playing cards and money were located. Some of the money was in one-hundred-dollar stacks of one dollar bills wrapped in bank bands. The police seized, inter alia, money from the table tops and from the pockets, purses, and briefcases of the people in the club. The state sought the forfeiture of all the money seized during the raid under the provisions of OCGA § 16-12-32. The appellants defended by challenging the constitutionality of that statute. The trial court held the statute constitutional, and ruled that, because § 16-12-32 (b) authorizes the forfeiture of all property "located within any gambling place," the money seized

from the pockets, purses, wallets, and briefcases of the appellants was subject to forfeiture.

1. The appellants challenge OCGA § 16-12-32 (b) as being void for vagueness, both on its face and as applied to them. The appellants focus on two aspects of the statute. First, they focus on the phrase, "which is located within any gambling place," contending that the term, "gambling place," fails to warn citizens of common intelligence of places to avoid and encourages arbitrary enforcement by placing too much discretion in the police to determine what is a "gambling place." They make a similar argument with respect to that part of the definition of "property" specifying "other things of value," OCGA § 16-12-32 (a). They contend the phrase "other things of value" fails to give sufficient warning of items that can be seized and places too much discretion in the police to determine what to seize.

The void-for-vagueness doctrine requires that a statute give a person of ordinary intelligence notice of the conduct prohibited, and provide enough specificity so as not to encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U. S. 352, 357 (103 SC 1855, 75 LE2d 903) (1983); *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U. S. 489, 498 (102 SC 1186, 71 LE2d 362) (1982); *Price v. State*, 253 Ga. 250 (1) (319 SE2d 849) (1984).

It is clear, however, that " 'vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand,' " *Sustakovitch v. State*, 249 Ga. 273 (1) (290 SE2d 77) (1982) (quoting *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975)), and that a person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Hoffman Estates*, supra, 455 U. S. at 495. Accord *Gouge v. City of Snellville*, 249 Ga. 91 (3) (287 SE2d 539) (1982).

We conclude that OCGA § 16-12-32 (b) is not vague in light of the circumstances in question in this case — the seizure of "funds" within a "gambling place." This is so because the provisions of the statute relied on by the state to seize the appellants' money are not vague. First, the definition of "gambling place" in § 16-12-20 (3) is sufficiently clear to warn persons of ordinary intelligence of what places to avoid, and is sufficiently clear to discourage or preclude arbitrary enforcement decisions concerning what places constitute "gambling places." Moreover, the term "funds," OCGA § 16-12-32 (a), clearly informs persons of ordinary intelligence that the term "property" used in § 16-12-32 (b) encompasses money. The term "funds" is also definite enough to inform police of what to seize in a "gambling place." The appellants' conduct clearly, then, fell within provisions of § 16-12-32 (b) which are not unconstitutionally vague. We therefore need not decide the merits of the appellants' argument that the

phrase, "other things of value," § 16-12-32 (a), is too vague to warn of the type of property which is subject to seizure if it is located within a "gambling place."

For the foregoing reasons we affirm the trial court's decision upholding the constitutionality of § 16-12-32.

2. We also reject the appellants' argument that the evidence failed to establish that the Nobility Club was a "gambling place" within the meaning of OCGA § 16-12-20 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 27, 1987.

*Greene & Davis, Laurie C. Davis, Kenneth R. Croy*, for appellants.

*Thomas J. Charron, District Attorney, James F. Martin, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys*, for appellee.