STATE of Missouri, Respondent,

v.

Vernell WESTON, Appellant.

Vernell Weston, Movant–Appellant,

v.

State of Missouri, Respondent.

Nos. 73540, 72091.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 26, 1999.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

By information, the State charged Vernell G. Weston, (Defendant) with three counts of distribution of a controlled substance near public housing, violations of section 195.218 RSMo 1994.[1] Defendant waived a jury. The trial court's determination of guilt on each of the charges was supported by the testimony of an undercover police officer and Defendant's testimony that he did, on the occasions charged, sell crack cocaine to the undercover police officer. On the day of trial, the court sentenced Defendant to a term of five years imprisonment on an unrelated charge of stealing by deceit. Relying on the existing pre-sentence investigation developed for that charge, with the consent of Defendant to consider that report, the court sentenced Defendant to concurrent terms of ten years on each of the three charges and ordered these sentences to be served concurrent with the stealing by deceit sentence. Defendant filed an appeal in the Missouri Supreme Court for the purpose of contesting the constitutionality of section 195.218. Thereafter, Defendant filed a motion for post-conviction relief. The motion court denied relief on the motion after an evidentiary hearing. Defendant appealed denial of Rule 29.15 relief to this court, which is our cause number 72091. Subsequently, the Missouri Supreme Court transferred the direct appeal to this court, which is our cause number 73540. We consolidated the appeals into cause number 73540. Defendant offers one point in each appeal.

### DIRECT APPEAL

Defendant argues the court erred in not granting a motion to dismiss and finding him guilty of violating section 195.218. He states in his point:

> THE STATUTE, ALTHOUGH APPARENTLY NEUTRAL, WAS APPLIED IN A MANNER WHICH DISPROPORTIONALLY IMPACTED A RACIAL MINORITY, THUS DISCRIMINATING AGAINST AFRICAN–AMERICANS IN A LOW–INCOME NEIGHBORHOOD, PUNISHING VERNELL MORE SEVERELY THAN NON–AFRICAN AMERICANS DISTRIBUTING THE SAME DRUGS IN A SIMILAR SITUATION.

Defendant concedes our Supreme Court found in *State v. Hatton*, 918 S.W.2d 790, 795 (Mo. banc 1996) that section 195.218 is race neutral on its face. The court in *Hatton* rejected an equal protection challenge. Defendant argues here, that the statute is unconstitutional as applied to him. He contends the *Hatton* case does not apply because his argument on appeal is based on a discriminatory application of the statute, an issue not decided in *Hatton*. Thus, we have jurisdiction.

Defendant did not make this argument in the trial court. He filed a motion to dismiss, which alleged section 195.218 violated United States, and Missouri Constitutional provisions because "the statute is vague and discriminates on the basis of race and socioeconomic class." He also alleged: (1) the terms "public housing" or "government assisted housing" were void for vagueness; (2) the statute violated constitutional equal protection provisions; (3) there was no rational basis to upgrade the class of felony for drug sales occurring in or near public housing; (4) the statute punished poor and black Americans in allowing harsher punishments for similar conduct; and, (5) the statute violated prohibitions against cruel and unusual punishment. Defendant alleged in the motion to

---

1. All statutory citations are to RSMo 1994 unless    otherwise indicated.

dismiss that the statute was unconstitutional on its face, not that it was unconstitutional as applied to him.

Defendant may not change his theory on appeal. All of the allegations in the motion to dismiss were directed at a request for the court determine the statute was void on its face. The trial court overruled his motion to dismiss that alleged the statute was unconstitutional on its face. Defendant asks us to decide a claim that the statute was unconstitutional as applied. We hold that this claim of error is not reviewable. *State v. Williams*, 807 S.W.2d 200, 201 (Mo.App. 1991). First, it is factually inaccurate to suggest that the trial court erred in a legal ruling that was never requested and not made. Second, the State had no notice of the unconstitutional as applied issue, and, therefore, had no opportunity to offer any evidence to support finding that the prosecution was not unconstitutional.

The belated argument on appeal that a fair reading of the motion to dismiss would permit a determination that Defendant was also challenging application of the statute is without merit. Nothing occurred before the trial court which would support a finding that the State or the court understood the motion only challenged application of the statute to Defendant in the prosecution of three charges of distribution of a controlled substance near public housing. The sentences are affirmed.

### POST–CONVICTION RELIEF

■ Defendant argues the motion court erred in denying post-conviction relief:

IN THAT COUNSEL FAILED TO ACT AS A REASONABLY COMPETENT ATTORNEY UNDER THE SAME OR SIMILAR CIRCUMSTANCES WHEN SHE INDUCED VERNELL TO WAIVE HIS FUNDAMENTAL RIGHT TO A JURY TRIAL UPON THE BELIEF THAT BY WAIVING A JURY HE WOULD RECEIVE A 120 DAY CALL–BACK AT SENTENCING, AND VERNELL WAS THEREBY PREJUDICED.

For a number of reasons this claim of error is without merit. The trial court considered the Rule 29.15 motion at an evidentiary hearing. Defendant testified and his trial counsel testified. We conclude that the findings and conclusions of the motion court on the issue of ineffective assistance of counsel are supported by the evidence; therefore, they are not clearly erroneous. *State v. Leisure*, 838 S.W.2d 49, 54 (Mo.App. E.D.1992).

There are evidentiary facts that would support a finding that Defendant was not prejudiced by waiving a jury. He does not contest the fact that he testified during the trial that he sold crack cocaine as charged. Accordingly, there is no allegation in the motion for post-conviction relief and no evidence offered at the hearing to support a finding that Defendant was prejudiced in any way on the issue of guilt or innocence. Defendant was a prior and persistent offender. Sentencing after a jury trial would have been by the court, not by the jury. Moreover, Defendant received the minimum sentence permitted by law on each of the three charges, and the court made the sentences concurrent to one another and to a five-year sentence on an unrelated felony.

The trial court informed Defendant that the decision regarding waiver of a jury was "your decision to make." He waived the jury. Trial counsel testified during the post-conviction hearing that the jury-waived court trial was intended to preserve the issue of the constitutionality of the statute. There was no discussion regarding the prospect of a finding of not guilty in a court-tried case. The expectation was that Defendant *may* benefit by waiving a jury at the time of sentencing. Counsel thought there was a good possibility that the court would consider "retaining 120 days jurisdiction," but that was never promised. This testimony supported findings that Defendant personally and knowingly waived his right to a trial by jury, and that his decision was not caused by any advice of counsel which misled or coerced him in making this decision.

Defendant failed to support allegations of ineffective assistance of counsel and his argument of prejudice attributable to his waiver of a jury that would have been permitted only to consider guilt or innocence. He testified and admitted he was guilty. The find-

ings, conclusions, and judgment denying Rule 29.15 relief were not clearly erroneous. *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992).

We affirm the sentences and denial of post-conviction relief.

ROBERT G. DOWD, Jr., C.J. and RICHARD B. TEITELMAN, J., concur.