S07A0884. CATOOSA COUNTY et al. v. R.N. TALLEY
PROPERTIES, LLC et al.

(651 SE2d 7)

CARLEY, Justice.

In 2002, the Board of Commissioners of Catoosa County (Board) rezoned certain property belonging to R.N. Talley Properties, LLC (Talley) from agricultural to industrial. Talley plans to lease the land to Southeastern Materials, Inc. (Southeastern) for construction and operation of an asphalt plant. Section 7.7.1 of the Catoosa County Code allows within an industrial district "[a]n industry which does not cause injurious noise, vibrations, smoke, gas fumes, odor, dust, fire hazard, or other objectionable conditions (unless the use has a special use permit)." Section 6.5.2 provides that the owner of property upon which certain specified uses "and any industrial or commercial use that may emit injurious or annoying noises, vibrations, smoke, dust, fumes, gas or odors is proposed to be located must obtain a special use permit before such uses are made of property." These ordinances do not specifically mention asphalt plants.

In 2005, after submitting an application for a building permit, Talley and Southeastern (Appellees) were informed that they were required to obtain a special use permit. However, they insisted that a special use permit was not necessary because the ordinances containing that requirement were unconstitutional. The Board informally declined to grant the permit and notified Appellees that it would consent to immediate judicial review, but it thereafter voted to require an application for a building permit in the usual manner and informed Appellees that it would not waive its defense of failure to

exhaust administrative remedies. The Chief Building Official also gave notice that an application for special use permit was necessary before Appellees could go before the Planning Commission.

Although Appellees initially filed a notice of appeal to the Planning Commission, they subsequently brought suit against the County and the Board members and Chief Building Official in their official capacities (Appellants) for mandamus relief and declaratory judgment, asserting a facial constitutional challenge to sections 6.5.2 and 7.7.1. The trial court granted only declaratory relief, finding that the challenged provisions were unconstitutionally vague on their face, in that they contain insufficient objective standards and guidelines to meet due process requirements, and they give Appellants absolute and uncontrolled discretion to decide what uses require a special use permit. Appellants appeal from that order.

Appellants contend that, since this is not a First Amendment case, Appellees could not attack the constitutionality of the ordinances for facial vagueness, but rather were required to make an "as applied" challenge, for which exhaustion of administrative remedies was necessary. Appellees have not preserved an "as applied" challenge, because they have not ever made a constitutional attack on the ordinances as applied to their property. *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999). The issue of whether a statute or an ordinance "is unconstitutional as applied, rather than on its face, . . . may not be [raised] for the first time on appeal. [Cit.]" *Isaac v. State*, 626 S2d 1082, 1083 (Fla. App. 1993). See also *State v. Weston*, 986 SW2d 495, 497 (Mo. App. 1999). Moreover, "the trial court did not rule on that issue." *Gates v. Gates*, 277 Ga. 175, 178 (2) (587 SE2d 32) (2003). Indeed, the trial court addressed only the facial challenge, and Appellees do likewise in their appellate brief.

Even though First Amendment rights are not implicated in this case, a constitutional attack on the ordinances as facially vague was permissible, if the appropriate showing was made. This Court "has allowed a facial challenge to a statute when it would unconstitutionally impact a fundamental right in 'a large fraction' of the cases to which the statute applies. [Cit.]" *State of Ga. v. Jackson*, 269 Ga. 308, 311 (1) (496 SE2d 912) (1998). However, when a statute or ordinance does not implicate a "substantial amount of constitutionally protected conduct," a facial vagueness challenge will be upheld "only if the enactment is impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U. S. 489, 494-495 (II) (102 SC 1186, 71 LE2d 362) (1982). See also *Fuller v. Decatur Public School Bd. of Education School Dist. 61*, 251 F3d 662, 667 (7th Cir. 2001). In either instance, a facial vagueness claim is cognizable. To the extent that *Sustakovitch v. State*, 249 Ga. 273, 274 (1) (290 SE2d 77) (1982) holds otherwise, it is hereby overruled.

" 'There is . . . no exhaustion requirement when, as in the present case, the property owner challenges the constitutionality of an ordinance on its face. (Cit.)' [Cit.]" *King v. City of Bainbridge*, 272 Ga. 427, 428 (2) (531 SE2d 350) (2000). However, one whose own conduct is clearly proscribed cannot complain of the vagueness of a law because it may conceivably be applied unconstitutionally to others. *Izzo v. State*, 257 Ga. 109, 110 (1) (356 SE2d 204) (1987); *Hubbard v. State*, 256 Ga. 637, 638 (352 SE2d 383) (1987). "A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Village of Hoffman Estates v. Flipside, Hoffman Estates*, supra. See also *Fuller v. Decatur Public School Bd. of Education School Dist. 61*, supra. Compare *State of Ga. v. Hudson*, 247 Ga. 36, 38 (2) (273 SE2d 616) (1981) (statute cannot be declared unconstitutional for vagueness on its face where it is impossible to determine the nature of the conduct which gave rise to the challenge). Most fundamentally, that analysis begins with standing:

> Except in the context of protected First Amendment activity, a person seeking a permit will not be heard to complain that the regulation is vague until he has actually sought and been denied the permit. [Cits.] This Court has similarly held that a party lacks standing unless he can show "that the allegedly unconstitutional feature of the statute . . . has infringed his rights." [Cit.] In light of these bedrock principles, our consistent practice has been to address the sufficiency of standards to guide administrative discretion only in appeals stemming from the denial of a permit or license. [Cit.]

*Greater Atlanta Homebuilders Assn. v. DeKalb County*, 277 Ga. 295, 299 (4) (588 SE2d 694) (2003) (involving a facial vagueness claim). Appellees did not seek a special use permit, and a building permit was not actually granted or denied. Therefore, regardless of whether Appellees would otherwise have a viable facial challenge to the ordinances, they lack standing to make a constitutional attack thereon. *Greater Atlanta Homebuilders Assn. v. DeKalb County*, supra. Remaining enumerations of error are moot.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 13, 2007 —
RECONSIDERATION DENIED SEPTEMBER 24, 2007.

*Patty & Young, Clifton M. Patty, Jr.*, for appellants.

Phears & Moldovan, H. Wayne Phears, David J. Forestner, Jenkins & Olson, Frank E. Jenkins III, for appellees.