297 Ga. 399
FINAL COPY

S15A0032. WHATLEY v. THE STATE.

MELTON, Justice.

On March 28, 2013, Bernadette Bowie Whatley was indicted for withholding information from a practitioner pursuant to OCGA § 16-13-43 (a) (6). That statute deals with the distribution of controlled substances by prescription and provides that it is unlawful to "withhold information from a practitioner that such person has obtained a controlled substance of a similar therapeutic use in a concurrent time period from another practitioner." On April 24, 2013, Whatley filed a general demurrer, contending among other things that the statute was unconstitutionally vague. The trial court ruled that OCGA § 16-13-43 (a) (6) was not unconstitutionally vague on its face, and we granted Whatley's application for an interlocutory appeal to consider the propriety of this ruling. As set forth below, we affirm the denial of Whatley's general demurrer under the right-for-any-reason doctrine.

It is well settled that the

void for vagueness doctrine of the due process clause requires that a challenged statute or ordinance give a person of ordinary

intelligence fair warning that specific conduct is forbidden or mandated and provide sufficient specificity so as not to encourage arbitrary and discriminatory enforcement. Vagueness challenges . . . that do not implicate First Amendment freedoms must be examined *in the light of the facts of the case to be decided*.

(Emphasis supplied.) Parker v. City of Glennville, 288 Ga. 34, 35 (1) (701 SE2d 182) (2010). "[A] person 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' [Cits.]" Izzo v. State, 257 Ga. 109, 110 (1) (356 SE2d 204) (1987). " 'A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.' [Cits.]" Catoosa County v. R.N. Talley Properties, 282 Ga. 373, 375 (651 SE2d 7) (2007). "[W]hen a statute or ordinance does not implicate a substantial amount of constitutionally protected conduct, a facial vagueness challenge will be upheld only if the enactment is impermissibly vague in all of its applications." (Citations and punctuation omitted.) Id. at 374.

Whatley does not argue that OCGA § 16-13-43 (a) (6) violates her First Amendment freedoms, so Whatley would necessarily have to challenge the constitutionality of the statute as applied to the specific facts of her case. A review of the record, however, indicates that Whatley challenged OCGA §

2

16-13-43 (a) (6) on its face, *not* as applied. The trial court noted in its order that "[n]either party has presented any facts . . . beyond the indictment." The indictment, in turn, merely tracks the language of the statute, supplying the names of the doctors involved, the drugs prescribed, and a general period of time during which the statute was allegedly violated. There is no indication anywhere in the record that Whatley raised an argument with regard to the facts of her specific case, much less the application of OCGA § 16-13-43 (a) (6) to her specific facts. Only a facial challenge to the statute was raised, and, as a facial challenge was not warranted, the trial court should have denied Whatley's general demurrer for this reason rather than considering the merits of Whatley's constitutional claim. See State v. Hudson, 247 Ga. 36 (273 SE2d 616) (1981). Nonetheless, since Whatley's general demurrer was properly denied, we affirm the judgment of the trial court under the right-for-any-reason rule.

Judgment affirmed. All the Justices concur.

Decided June 29, 2015.

OCGA § 16-13-43 (a) (6); constitutional question. Whitfield Superior Court. Before Judge Blevins.

The Secret Firm, Akil K. Secret, for appellant.

Herbert M. Poston, Jr., District Attorney, John S. Helton, Susan L. Franklin, Assistant District Attorneys, for appellee.