**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 10, 2024**

# In the Court of Appeals of Georgia

A24A1083. THE STATE v. MEADOWS.

GOBEIL, Judge.

The State charged Marquavius Meadows by accusation with carrying a weapon without a valid license and possession of marijuana less than one ounce. Meadows filed a general/special demurrer, and on January 5, 2024, the trial court dismissed the weapons charge. The State now appeals, arguing that the trial court erred in finding that Meadows was a lawful weapons carrier despite having pending felony warrants for his arrest, as well as pending misdemeanor charges that had been transferred from state court to superior court to be tried as felonies. For the reasons that follow, we affirm.

"We review de novo the trial court's ruling on a general demurrer." *Stapleton v. State*, 362 Ga. App. 740, 742 (1) (869 SE2d 83) (2021). On February 2, 2022, Meadows was charged by accusation with carrying a weapon without a valid license, in violation of the version of OCGA § 16-11-126 then in effect (Count 1);[1] and possession of less than one ounce of marijuana, in violation of OCGA § 16-13-2 (Count 2). As part of his consolidated pretrial motions and demand for discovery, Meadows filed a general/special demurrer.

At the October 9, 2023 hearing, Meadows argued that Count 1 was due to be dismissed because at the time of his arrest for the above-described charges he had active arrest warrants "that had not yet been effectuated . . . so he had not actually been arrested for any felonies." Because he did not have any felony convictions on his record nor was he serving a probated sentence as part of a first offender adjudication, Meadows maintained that he was a lawful carrier and he could not be guilty of having committed the crime as alleged in Count 1. The State countered that although a

---

[1] OCGA § 16-11-126 (h) (1) (2017) previously provided that: "No person shall carry a weapon without a valid weapons carry license" unless he or she met certain exceptions not applicable to this case.

permit or license to carry is no longer required under recent changes to Georgia law,[2] OCGA § 16-11-126 (g) (1) still requires that a person possessing a weapon must be a lawful carrier of such a weapon. The State represented to the trial court that at the time of his arrest, Meadows had two felony warrants for theft by taking and forgery in the third degree out of Cobb County. The State also pointed out that Meadows had pending misdemeanor charges that had been transferred to the Fulton County District Attorney's Office for prosecution as felonies. Specifically, a state court judge had issued orders transferring the charges to superior court in 2021. At the close of the hearing, the trial court gave the State an opportunity to file a post-hearing brief. The State also filed a motion requesting a formal evidentiary hearing.

On January 5, 2024, the trial court granted Meadows's request to dismiss Count 1. Specifically, the court found

> that the Cobb County warrants had yet to be effectuated or served on [Meadows] at the time of his arrest for this charge. It is also clear that the charges against [Meadows] in Fulton County have never been given a Criminal Prosecution (CP) number by the District Attorney's Office,

---

[2] Effective April 12, 2022, Georgia law no longer requires adults over the age of 21 to obtain licenses to carry weapons, so long as they are otherwise eligible for a license. OCGA §§ 16-11-126 (g) (1), 16-11-125.1 (2.1).

thereby failing to acknowledge that the three (3) misdemeanor cases would be prosecuted as felonies.

As a result, the trial court concluded that it "[could not] find that [Meadows] was an unlawful carrier at the time of his arrest." The court also denied the State's request for a formal evidentiary hearing. This appeal followed.[3]

In a single enumeration of error, the State argues that the trial court erred in finding that Meadows was a lawful weapons carrier despite the presence of outstanding felony warrants at the time of his arrest, as well as pending misdemeanor charges that had been transferred to the Fulton County District Attorney's Office to be prosecuted as felonies.

"A[ ] [charging instrument] may be challenged by general or special demurrer." *Kimbrough v. State*, 300 Ga. 878, 880 (2) (799 SE2d 229) (2017). "A general demurrer challenges the sufficiency of the substance of the indictment [or accusation], whereas a special demurrer challenges the sufficiency of the form of the indictment [or

---

[3] After the trial court issued a certificate of immediate review, the State filed an application for interlocutory appeal in this Court. See Case No. A24I0116. We granted the application because the underlying order was directly appealable under OCGA § 5-7-1 (a) (1), which permits the State to appeal, as relevant here, "an order, decision, or judgment setting aside or dismissing any indictment, accusation, or . . . any count thereof[.]" See *State v. Mendoza*, 190 Ga. App. 831, 831 (1) (380 SE2d 357) (1989).

accusation]." *Green v. State*, 292 Ga. 451, 452 (738 SE2d 582) (2013) (citation and punctuation omitted). Importantly, a charging instrument "is to be strictly construed against the State when a general demurrer has been filed against it." *Stapleton*, 362 Ga. App. at 741 (1) (citation and punctuation omitted).

"The true test of the sufficiency of a [charging instrument] to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the [accusation] is fatally defective." *Heath v. State*, 349 Ga. App. 84, 86 (2) (825 SE2d 474) (2019) (citation and punctuation omitted). In that regard,

> to withstand a general demurrer, an [accusation] must: (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute. If either of these requisites is met, then the accused cannot admit the allegations of the [accusation] and yet be not guilty of the crime charged.

Id. at 87 (2) (citation and punctuation omitted).

The State contends that the pending felony warrants and misdemeanor charges (which had been transferred to the District Attorney's Office to be prosecuted as felonies) "amounted to pending felony proceedings such that [Meadows] could not

possess a license and therefor[e] a firearm[.]" As relevant here, effective April 12, 2022, OCGA § 16-11-126 (g) (1) provides in pertinent part that "no person shall carry a weapon unless he or she is a lawful weapons carrier." OCGA § 16-11-125.1 (2.1) in turn defines a "lawful weapons carrier" as "any person who is licensed or eligible for a license pursuant to [OCGA §] 16-11-129[.]" And OCGA § 16-11-129 (b) (2) (C) provides that no weapons carry license shall be issued to, as relevant here, "[a]ny person against whom proceedings are pending for any felony[.]" However, we need not decide whether the outstanding felony warrants and misdemeanor charges disqualify Meadows from being a lawful weapons carrier because, as explained below, the accusation as written was fatally defective as to the firearms charge.

In this case, Count 1 of the accusation charged Meadows with "carrying [a] weapon without a valid license, a misdemeanor, for that [Meadows] in the County of Fulton, State of Georgia, on or about February 01, 2022 did carry a handgun, a weapon, without a valid weapons carry license[.]" However, effective April 12, 2022, "carrying a firearm without a valid license" is no longer a criminal offense in Georgia pursuant to OCGA § 16-11-126 (g) (1). See *Robinson v. State*, 256 Ga. 564, 565 (350 SE2d 464) (1986) ("When a statute making described conduct a crime is repealed

6

prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause."). Furthermore, the accusation describes the conduct underlying Count 1 as Meadows's carrying a handgun "without a valid weapons carry license[.]" The accusation does not cite OCGA § 16-11-126 (g) (1) — which came into effect two months after the accusation was issued and provides in pertinent part that "no person shall carry a weapon unless he or she is a lawful weapons carrier." Nor does the accusation charge Meadows with being an unlawful weapons carrier based on his outstanding felony warrants or misdemeanor charges, sanctioned by a judge, that had been transferred to superior court for adjudication. See *Jackson v. State*, 301 Ga. 137, 140-141 (1) - (2) (800 SE2d 356) (2017) (holding that it "is not enough" to "alleg[e] that a statute has been violated," and that an indictment was legally insufficient where it was "based upon several assumptions of fact not set forth in the indictment").

Even assuming, without deciding, that Meadows could be considered an unlawful weapons carrier under the current version of OCGA § 16-11-126 (g) (1) (due to the outstanding felony warrants and/or the misdemeanor charges that had been transferred to superior court for prosecution), the State has failed to show that

Meadows could admit the allegations in the accusation as to Count 1 as written and still be guilty of a crime. See *Stinson v. State*, 279 Ga. 177, 179 (2) (611 SE2d 52) (2005) (if accused can admit to the allegations and still not be guilty of a crime, the indictment is insufficient and the conviction void). Here, Meadows could admit the allegations in the accusation — that he "carr[ied] [a] handgun, a weapon, without a valid weapons carry license" and still be not guilty of a crime because, effective April 12, 2022, "carrying a firearm without a valid license" is no longer a criminal offense in Georgia pursuant to OCGA § 16-11-126 (g) (1). See *Yeamans v. State*, 366 Ga. App. 780, 783-787 (1) (884 SE2d 380) (2023) (reversing the trial court's denial of demurrer where the substance of count of indictment charging defendant with attempted child molestation was insufficient as it charged defendant only with having indecent conversation with undercover police officer via his cell phone, which was not made illegal by plain language of child molestation statute, and there was no allegation of what acts defendant's conversations with officer were going to lead to); *Heath*, 349 Ga. App. at 88 (2) (indictment charging several offenses predicated on reckless driving was defective in failing to allege that defendant acted with reckless disregard; she could admit allegations in indictment and not be guilty of crimes based on the

8

predicate offenses of reckless driving). Compare *State v. Wilson*, 318 Ga. App. 88, 96 (1) (c) (iii) (732 SE2d 330) (2012) (count of indictment purporting to charge defendant with fleeing or attempting to elude a police officer was legally sufficient to survive a general demurrer; even though the count did not allege that the officer in question was in uniform, wearing an official badge, and using a marked police vehicle, as required by the statute under which defendant was charged, alleged facts were sufficient to charge defendant with the lesser included offense of obstruction of a peace officer, and defendant could not admit to the allegations in the count without being guilty of committing a crime); *Budhani v. State*, 306 Ga. 315, 319-321 (1) (b) (830 SE2d 195) (2019) (indictment in narcotics prosecution was sufficient to withstand general demurrer and satisfied due process requirements, where it alleged the essential elements of the two offenses charged, i.e., that defendant sold, or possessed with intent to distribute, a specific Schedule I controlled substance identified by its scientific and common name, and put defendant on notice of crimes with which he was charged and against which he had to defend).

As a result, the accusation with respect to Count 1 was insufficient to withstand a general demurrer and we affirm the trial court's dismissal of this charge. See *State*

9

*v. Freeman*, 349 Ga. App. 94, 98 (825 SE2d 538) (2019) ("to the extent that our reasoning differs from that of the trial court, we nevertheless affirm the trial court's grant of the general demurrer"); *South Carolina Ins. Co. v. Glennville Bank*, 111 Ga. App. 174, 179 (2) (b) (141 SE2d 168) (1965) (where a demurrer "is overruled, the appellate court will not consider grounds not urged at the trial level; on the contrary, where the demurrer has been sustained, albeit for the wrong reason, the trial court will be affirmed if right for any reason"); see also *Whatley v. State*, 297 Ga. 399, 401 (774 SE2d 687) (2015) (affirming the denial of defendant's general demurrer under the right-for-any-reason rule).

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*